**CITY OF HOUSTON, Texas, Appellant,**

**v.**

**Glinda MARTIN and Texas Workforce Commission, Appellees.**

**No. 01–02–01104–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 2003.

Rehearing Overruled Jan. 15, 2004.

Anthony W. Hall, Jr., City Attorney, Marcus Dobbs, Senior Assistant City Attorney, Houston, TX, for Appellant.

Christopher Scott Jackson, Office of Attorney General, Austin, TX, Glinda C. Martin, Houston, TX, for Appellees.

Panel consists of Chief Justices HEDGES, NUCHIA, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

The City of Houston (the City) appeals the judgment of the trial court affirming the decision of the Texas Workforce Commission (TWC) that Glinda Martin was not disqualified for benefits and awarding benefits to Martin. We affirm.

## BACKGROUND

Martin was employed by the City as a cashier at the Hobby Airport parking lot toll booth from December 1995 to January 28, 2000. The City decided to privatize the Parking Management Division, and, in correspondence dated January 12, 2000, informed the division's employees that their positions had been eliminated, that they were identified for layoff, and that their last day of employment with the City would be Friday, January 28, 2000. The letter stated that the employees would receive assistance in investigating transfer possibilities with the City, would be placed on a reemployment list for one year, and would receive out-placement assistance.

The City negotiated with the new parking management company to ensure that the company would hire the City's laid-off employees at the same wages paid by the City, with the same work schedules, and with similar benefits. The employees were informed of this opportunity.

Martin told Dolores Rodgers, the City's assistant director of aviation for the human resources division, that she wanted to continue her employment with the City. Martin applied for approximately seven jobs, but was not hired. Martin did not want to take the job with the new parking management company because she was concerned that the cost of health insurance was higher, and she had a son who had health problems. When Martin had not found another city job by January 28, she told Rodgers to lay her off.

Martin applied for unemployment compensation, and TWC determined that she was eligible. The City appealed that determination, and the Appeal Tribunal reversed the decision, ruling that Martin was disqualified under section 207.045 of the Workers Compensation Act.[1] Martin appealed to the full commission, which reversed the Appeal Tribunal and awarded benefits to Martin. The City sought judicial review of TWC's decision, and the trial court affirmed the decision. The City brings this appeal, contending that the district court incorrectly concluded that TWC's decision was supported by substantial evidence and that Martin left her last work voluntarily.

## DISCUSSION

### Standard of Review

■■■ The trial court reviews a TWC decision de novo to determine whether there is substantial evidence to support that decision. TEX. LAB.CODE ANN. § 212.202(a) (Vernon Supp.2004); *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex.1986); *City of Houston v. Morris,* 23 S.W.3d 505, 507 (Tex.App.-Houston [1st Dist.] 2000, no pet.). "Substantial evidence" is more than

---

1. TEX. LAB.CODE ANN. §§ 201.001–212.210 (Vernon 1996 & Supp.2004).

a scintilla, but less than a preponderance of the evidence. *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Under the substantial-evidence review, the issue is whether the evidence introduced before the trial court shows facts in existence at the time of TWC's decision that reasonably support the decision. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex.1998); *Morris*, 23 S.W.3d at 507. The party seeking to set aside TWC's decision has the burden of proving that it is not supported by substantial evidence. *Mercer*, 701 S.W.2d at 831. In determining whether there is substantial evidence to support an agency's decision, the trial court determines whether reasonable minds could have reached the same conclusion the agency reached. *Dotson v. Texas State Bd. of Med. Examiners*, 612 S.W.2d 921, 922 (Tex.1981); *Morris*, 23 S.W.3d at 507. Whether TWC's decision was supported by substantial evidence is a question of law. *Morris*, 23 S.W.3d at 508. The trial court may set aside a TWC decision only if the court finds that the decision was made without regard to the law or the facts and, therefore, was unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831; *Morris*, 23 S.W.3d at 508. Because the determination of whether TWC's decision was supported by substantial evidence is a question of law, our review of the trial court's determination is de novo. *See El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex.1999). We look at the evidence presented to the trial court, not to the agency record. *Nuernberg v. Texas Employment Comm'n*, 858 S.W.2d 364, 365 (Tex.1993).

**Analysis**

In two points of error, the City contends that the trial court incorrectly concluded that the decision of the TWC was supported by substantial evidence and that Martin left her last work voluntarily. The City points out that the commission's decision was based not on the facts, but on a statutory interpretation of section 207.045 of the Labor Code.[2]

The Appeal Tribunal disqualified Martin under section 207.045, which provides in pertinent part as follows:

> (a) An individual is disqualified for benefits if the individual left the individual's last work voluntarily without good cause connected with the individual's work.

Tex. Lab.Code Ann. § 207.045(a) (Vernon Supp.2004). The Appeal Tribunal concluded that Martin voluntarily left her last work by not choosing to work for the new management company. TWC reversed the decision of the Appeal Tribunal, concluding that the City discharged Martin when her position was eliminated due to privatization. Because the discharge was not due to any misconduct on Martin's part, the commission awarded Martin benefits. *See* Tex. Lab.Code Ann. § 207.044 (Vernon 1999). The trial court was required to affirm TWC's decision if there was substantial evidence—more than a

---

**2.** There are two sections of the Labor Code under which a person may be disqualified for benefits. Under section 207.044, a person who is discharged for misconduct is disqualified, and, under section 207.045, a person who voluntarily, without good cause, leaves a job is disqualified. *See* Tex. Lab.Code Ann. §§ 207.044, 207.045 (Vernon 1999 & Supp. 2004). In addition, under section 207.047, a person is disqualified if, during the person's current benefit year, the person does not apply for available, suitable work as directed, does not accept suitable work that is offered, or does not return to that person's customary self-employment, if any, when directed to do so. *See* Tex. Lab.Code Ann. § 207.047 (Vernon 1999). The parties agree that section 207.047 does not apply to this case.

scintilla, but less than a preponderance—to support that decision.

The evidence presented at trial consisted of (1) TWC's findings and decisions, (2) the Appeal Tribunal's decision, (3) the January 12, 2000 letter from the City's Human Resources Director to Martin informing her of the elimination of her position and her impending layoff, (4) a transcription of the telephonic hearing before the Appeal Tribunal, and (5) a chart comparing the City's benefits with those of the new management company. The City argues that, because the evidence shows that Martin declined the offer to be employed at the same job location, with the same pay and same hours, and with similar benefits, her separation from her job should be considered voluntary, and benefits should be denied.[3]

The City argues that the "substantial evidence" review should be applied to place the burden on TWC to show that the finding of the Appeal Tribunal was not supported by substantial evidence. The City misconstrues the standard of review and its application. TWC does not conduct a substantial evidence review. According to the Labor Code, the commission may

(1) on its own motion:

(A) affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in the case; or

(B) direct the taking of additional evidence; or

(2) permit any of the parties to the decision to initiate a further appeal before the commission.

TEX. LAB.CODE ANN. § 212.151 (Vernon 1999). Judicial review of the commission's decision is by trial de novo based on the substantial evidence rule. TEX. LAB.CODE ANN. § 212.202 (Vernon Supp.2004).

TWC argues that, under section 207.045, an individual is disqualified for benefits if the individual left his or her last work voluntarily without good cause connected with the work. TEX. LAB.CODE ANN. § 207.045(a) (Vernon Supp.2004). Martin's last work was with the City. The City eliminated her position through privatization. Therefore, Martin did not *voluntarily* leave her last work and was not disqualified for benefits under section 207.045.

The January 12, 2000 letter from the City to Martin is evidence that Martin's position was eliminated and that Martin was scheduled for layoff on January 28, 2000. The testimony of Richard Newton, manager of work force effectiveness for the Houston Airport System, confirmed that Martin's position was eliminated. Martin testified that she filled out applications for several city jobs, but was never granted any interviews. We hold that there was substantial evidence to support the commission's decision granting benefits to Martin.

We overrule the City's first and second issues and affirm the judgment of the trial court.

---

**3.** The City cites several examples of TWC decisions from its Appeals Policy and Precedent Manual in support of its argument that Martin's separation was voluntary. The examples are brief and do not contain the legal reasoning that supports the decisions. These case examples are not evidence in the case being reviewed, nor are they authority, and, therefore, do not assist a court in conducting a substantial-evidence review.