IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00035-CV

 

Texas Department of Public Safety,

                                                                      Appellant

 v.

 

Gyles Robert Alford,

                                                                      Appellee

 

 

 



From the County Court at Law No. 2

Brazos County, Texas

Trial Court No. 4680-B

 



DISSENTING Opinion



 

      The
majority, holding that the county court at law “could have concluded on the
face of the record [that] no factual basis existed for the [administrative law
judge]’s conclusion of law as stated,” affirms the court’s order reversing the
decision of the administrative law judge. 
Tex. Dep’t
of Pub. Safety v. Alford, No.
10-03-00035-CV, slip op. at 3 (Tex. App.—Waco Nov. 10, 2004, no pet. h.) (majority op.) (“slip op.”).  I respectfully dissent.  The county court at law could not, applying
the correct—substantial evidence—standard of review, correctly have held that
the decision of the administrative law judge (“ALJ”) was “not reasonably
supported by substantial evidence considering the reliable and probative
evidence in the record as a whole.”  Cf. Tex. Gov’t Code Ann. § 2001.174(2)(E) (Vernon 2000).  The majority and, on the majority’s analysis,
the county court at law look for a reason to reverse the ALJ.  The majority finds this reason in the ALJ’s
recitation of Texas Transportation Code Section “724.000” instead of the
correct Section 724.015.  See Tex.
Transp. Code Ann. § 724.015 (Vernon Supp. 2004-2005).  Instead, we should determine whether
substantial evidence reasonably supports the ALJ’s conclusions.

  I.  LEGAL BACKGROUND

      The
administrative suspension of a person’s driver’s license by virtue of the
person’s failure to provide a specimen of his or her blood or breath under
certain circumstances is governed by Texas’s “implied consent” statute, Texas
Transportation Code Chapter 724.  See Tex.
Transp. Code Ann. §§ 724.001-724.064 (Vernon 1999 & Supp.
2004-2005).  “‘Implied consent’ means
that if a person is arrested for an offense arising out of the operation of a
motor vehicle in a public place” or of certain watercraft “while intoxicated,
he is deemed to have consented to the taking of one or more specimens of his
breath or blood for analysis to determine alcohol concentration” or the
presence of other intoxicating substances. 
Tex. Dep’t
of Pub. Safety v. Watson, 945
S.W.2d 262, 266 (Tex. App.—Houston [1st Dist.] 1997, no writ); see Tex.
Transp. Code Ann. § 724.002 (Vernon Supp. 2004-2005), § 724.011(a) (Vernon 1999). 
When a person is arrested for driving while intoxicated or certain other
offenses, the arresting officer, or any peace officer having reasonable grounds
to believe that the person committed the offense, may request that the person
submit to the taking of a specimen of breath or blood.  Tex.
Transp. Code Ann. § 724.012(a) (Vernon Supp. 2004-2005); see Tex.
Penal Code Ann. § 49.04 (Vernon 2003) (driving while
intoxicated).  If the person refuses to
submit, the requesting officer must serve the person with notice of suspension
of the person’s driver’s license.  Tex. Transp. Code Ann.
§§ 724.032(a)(1), 724.035(a)-(b) (Vernon Supp. 2004-2005); see id. § 724.034 (Vernon 1999).

      A
person whose driver’s license is suspended may request an administrative
hearing before an administrative law judge (“ALJ”) employed by the State Office
of Administrative Hearings (“SOAH”).  Tex. Transp. Code Ann.
§ 724.041(a), (d) (Vernon Supp. 2004-2005).  Hearings
under Chapter 724 are largely governed by the procedures under Transportation
Code Chapter 524, which governs the administrative suspension of the driver’s
license of a person who submits to the taking of a specimen the analysis of
which determines that the person had a per se illegal alcohol
concentration.  See id. § 724.041(g) (Vernon Supp. 2004-2005); id. §§ 524.001-524.051 (Vernon 1999 & Supp. 2004-2005); Tex. Penal Code Ann. § 49.01(2)(B)
(Vernon 2003).  Pursuant to Transportation
Code Chapters 524 and 724, the Texas Department of Public Safety (“the
Department” or “DPS”) and SOAH have adopted regulations governing the procedure
for license suspension proceedings.  See Tex.
Transp. Code Ann. §§ 524.002(a), 724.003 (Vernon 1999); 1 Tex.
Admin. Code §§ 159.1-159.41 (2004) (SOAH); 37 id. §§ 17.1-17.16 (2004) (DPS).

      “The
issues at a hearing under” Sections 724.041 through 724.048 “are whether”:

      (1)  reasonable suspicion or probable cause existed
to stop or arrest the person;

      (2)  probable cause existed to believe that the
person was:

      (A)  operating a motor vehicle in a public place
while intoxicated; or

      (B)  operating a watercraft powered with an engine
having a manufacturer’s rating of 50 horsepower or above while intoxicated;

      (3)  the person was placed under arrest by the
officer and was requested to submit to the taking of a specimen; and

      (4)  the person refused to submit to the taking of
a specimen on request of the officer.

Tex. Transp. Code Ann. § 724.042 (Vernon Supp. 2004-2005).  If the ALJ finds in the affirmative on each
issue, the suspension is sustained.  Id. § 724.043(a) (Vernon Supp. 2004-2005).  Such an affirmative finding must be by the
preponderance of the evidence.  1 Tex. Admin. Code § 159.19(a), (c) (Issues);  Todd v.
State, 956 S.W.2d 777, 778 (Tex. App.—Waco 1997, pet. ref’d) (per curiam); Ott v. Tex. Dep’t
of Pub. Safety, 958 S.W.2d 294,
295 (Tex. App.—Austin 1998, no pet.).  If
the ALJ does not find in the affirmative on each issue, the Department must return
and reinstate the person’s license.  Tex. Transp. Code Ann.
§ 724.043(b) (Vernon Supp. 2004-2005).

      If
the ALJ sustains a person’s driver’s license suspension, the person may appeal
the suspension.  Tex. Transp. Code Ann. § 724.047 (Vernon 1999). 
Such an appeal is governed by Transportation Code Chapter 524.  Id.  Chapter
524, in turn, provides, “Chapter 2001, Government Code, applies to a proceeding
under this chapter to the extent consistent with this chapter.”  Id. § 524.002(b) (Vernon 1999). 
Texas Government Code Chapter 2001 is the Administrative Procedure Act
(“APA”).  Tex. Gov’t Code Ann. § 2001.002 (Vernon 2000); see id. §§ 2001.001-2001.902
(Vernon 2000 & Supp. 2004-2005). 
Thus, the APA generally governs appeals of administrative license suspensions.

      The
APA provides:  “A person who has
exhausted all administrative remedies available within a state agency and who
is aggrieved by a final decision in a contested case is entitled to judicial
review under” the APA.[1]  Tex. Gov’t Code Ann. § 2001.171
(Vernon 2000).  The term “state agency”
“includes the State Office of Administrative Hearings for the purpose of
determining contested cases.”  Id. § 2001.003(7) (Vernon 2000).  An administrative driver’s license suspension
proceeding is a “contested case.”  See Tex. Dep’t
of Pub. Safety v. Thompson, 14
S.W.3d 853, 854 (Tex. App.—Beaumont 2000, no pet.); Tex. Dep’t
of Pub. Safety v. Chang, 994
S.W.2d 875, 875-76 (Tex. App.—Austin 1999, no pet.); Tex. Gov’t Code Ann. § 2001.003(1) (Vernon 2000)
(defining “contested case”).  The ALJ’s
written decision is final and appealable. 
See Tex. Transp. Code Ann. § 524.035(e) (Vernon Supp. 2004-2005); 1 Tex. Admin. Code § 159.31(b) (Decision of the
Administrative Law Judge).

      Judicial
review of ALJs’ decisions in driver’s license suspensions is authorized “based
on the substantial evidence rule as set forth in Government Code, Chapter 2001,
§2001.174.”  1 Tex. Admin. Code § 159.37(a) (Appeal of Judge’s
Decision); see Tex. Transp. Code Ann. § 524.041(a)
(Vernon 1999), § 724.047; Tex. Gov’t Code Ann. § 2001.174 (Vernon 2000); Mireles v. Tex. Dep’t
of Pub. Safety, 9 S.W.3d 128,
131 (Tex. 1999).

      If the law authorizes review of a decision
in a contested case under the substantial evidence rule . . . , a
court may not substitute its judgment for the judgment of the state agency on
the weight of the evidence on questions committed to agency discretion but:

      (1)  may affirm the agency decision in whole or in
part; and

      (2)  shall reverse or remand the case for further
proceedings if substantial rights of the appellant have been prejudiced because
the administrative findings, inferences, conclusions, or decisions are:

      (A)  in violation of a constitutional or statutory
provision;

      (B)  in excess of the agency’s statutory authority;

      (C)  made through unlawful procedure;

      (D)  affected by other error of law;

      (E)  not reasonably supported by substantial
evidence considering the reliable and probative evidence in the record as a
whole; or

      (F)  arbitrary or capricious or characterized by
abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov’t Code Ann. § 2001.174.  “When an administrative order is appealed to
the county court at law, the [county] court [at law] must examine the ALJ’s
order to determine whether it is reasonably supported by substantial
evidence.”  Tex. Dep’t
of Pub. Safety v. Friedel, 112
S.W.3d 768, 770 (Tex. App.—Beaumont 2003, no pet.).

      The
substantial evidence standard is a “deferential,” Heat Energy Adv. Tech., Inc. v. W.
 Dallas Coalition for Envtl. Justice, 962 S.W.2d 288, 294 (Tex. App.—Austin 1998, pet.
denied), and “limited standard of review,” 
R.R. Comm’n v. Torch Operating
Co., 912 S.W.2d 790, 792 (Tex. 1995).  It
“gives significant deference to the agency in its field of expertise.”  Torch
at 792; see Montgomery Indep.
Sch. Dist. v. Davis, 34 S.W.3d 559, 566 (Tex. 2000).  The
Separation of Powers Clause of the Texas Constitution prevents a court from
substituting its judgment for that of an administrative agency in a substantial
evidence review.  See Tex. Const. art.
II, § 1; Dep’t of Pub. Safety v.
Petty, 482 S.W.2d 949, 951 (Tex. Civ. App.—Austin 1972, writ ref’d n.r.e.);
Torch at 792.  “[T]he substantial evidence rule ‘prevents
the court from “usurping the agency’s adjudicative authority even though the
court would have struck a different balance[.]”’”  City of
El Paso v.
Pub. Util. Comm’n, 883 S.W.2d
179, 185 (Tex. 1994) (quoting R.R. Comm’n
v. Pend Oreille Oil & Gas Co., 817 S.W.2d 36, 41 (Tex. 1991) [(quoting Tex. State Bd. of Dental Exam’rs v.
Sizemore, 759 S.W.2d 114, 117 (Tex. 1988))]).  “To allow any less of a standard would merely
allow the reviewing court to impermissibly substitute its judgment for the
expertise of the administrative officers in the exercise of their statutory discretion.”  Tex.
State Bd. of Dental Exam’rs v. Silagi, 766 S.W.2d 280, 286 (Tex. App.—El
Paso 1989, writ denied) (op. on reh’g) (citing Gerst v. Goldsbury, 434 S.W.2d 665, [667] (Tex. 1968)).

      “‘[S]ubstantial
evidence’ is a term of art in the area of review of administrative decisions
. . . .”  Peaster Indep. Sch. Dist. v. Glodfelty, 63
S.W.3d 1, 5 (Tex. App.—Fort Worth 2001, no pet.); accord Hammack v. Pub. Util. Comm’n, 131 S.W.3d 713, 725 (Tex.
App.—Austin 2004, pet. filed). 
Substantial evidence “does not mean a large or considerable amount of
evidence.”  Lauderdale v. Tex. Dep’t of Agric., 923 S.W.2d 834, 836 (Tex.
App.—Austin 1996, no writ) (quoting Pierce
v. Underwood, 487 U.S. 552, 564-65 (1988)); accord Hammack at 725.  In
short, an administrative decision “must stand if there is any evidence in the
record to support it.”  Torch, 912 S.W.2d at 793.

      “The
findings, inferences, conclusions, and decisions of an administrative agency
are presumed to be supported by substantial evidence, and the burden is on the
contestant to prove otherwise.”  City of El
 Paso, 883
S.W.2d at 185; accord City of Dallas v. Hamilton, 132 S.W.3d 632, 636 (Tex. App.—Eastland 2004,
pet. denied); see Collingsworth Gen.
Hosp. v. Hunnicutt, 988 S.W.2d 706, 708 (Tex. 1998).

      “At
its core, the substantial evidence rule is a reasonableness test or a rational
basis test.”  City of El Paso, 883 S.W.2d at 185.  “Substantial evidence . . . means
such relevant evidence as a reasonable mind might accept as adequate to support
a conclusion.”  Pend Oreille, 817 S.W.2d at 41 (quoting Consol. Edison Co. of N.Y., Inc. v. Nat’l Labor Relations Bd., 305
U.S. 197, 229 (1938)) (ellipsis in Pend
Oreille); accord Stagg v. Tex. Dep’t of Pub. Safety, 81
S.W.3d 441, 443 (Tex. App.—Austin 2002, no pet.).  “The issue for the reviewing court is not
whether the agency reached the correct conclusion, but rather whether there is
some reasonable basis in the record for the action taken by the agency.”  Torch,
912 S.W.2d at 792.  “Taking the evidence as a whole,” the court of
appeals “must affirm the action of the” agency “unless reasonable minds could
not have reached the conclusion the” agency “reached in justifying its
action.”  Haynes v. City of Abilene, 659 S.W.2d 638, 640-41 (Tex. 1983) (municipal action reviewed for
substantial evidence).

       “Courts must affirm administrative findings in
contested cases if there is more than a scintilla of evidence to support
them.”  Mireles, 9 S.W.3d at 131. 
“[I]f there is evidence to support either affirmative or negative findings
on a specific matter, the decision of the agency must be upheld.”  Tex.
Health Facilities Comm’n v. Charter Med.–Dallas, Inc., 665 S.W.2d 446, 453
(Tex. 1984); accord
Entergy Gulf States, Inc. v. Pub. Util. Comm’n, 112 S.W.3d 208, 220 (Tex.
App.—Austin 2003, pet. denied).  “[T]he
evidence on the record actually may preponderate against the decision of the
agency and nonetheless amount to substantial evidence.”  Torch,
912 S.W.2d at 792-93 (quoting Charter at 452).

      The
scope of review of contested case orders under the substantial evidence rule is
“confined to the agency record.”  Tex. Gov’t Code Ann. § 2001.175(e)
(Vernon 2000); see id.
§ 2001.060 (Vernon 2000) (defining contents of agency record); McMullen v. Employees Ret. Sys., 935
S.W.2d 189, 192 (Tex. App.—Austin 1996, writ denied); Tex. Dep’t
of Pub. Safety v. Raffaelli, 905
S.W.2d 773, 776 (Tex. App.—Texarkana 1995, no writ).  Indeed, the reviewing trial court is
“forbidden to receive evidence.”[2]  McMullen at 192.  “One reason ‘for the exclusiveness of the
record principle’ is that it ‘affords reviewing courts full opportunity to evaluate the [agency] decision.’”  Dolenz
v. Tex. State Bd. of Med. Exam’rs, 899 S.W.2d 809, 813 n.1 (Tex.
App.—Austin 1995, no writ) (Powers, J., dissenting) (quoting Bernard Schwartz, Administrative Law
§ 713, at 368 (2d ed. 1984)) (emphasis and alteration in Dolenz).

      Under
the substantial evidence test, courts review an agency’s legal conclusions de novo. 
In re Humphreys, 880 S.W.2d
402, 404 (Tex. 1994) (attorney discipline).  In particular, a court of appeals “review[s]
the determination by the county court at law de novo.”  Friedel,
112 S.W.3d at 770.  “The question of
whether an agency’s determination meets” the substantial evidence “standard is
one of law.”  Davis, 34 S.W.3d at 566; accord City of Houston v.
Martin, 125 S.W.3d 656, 659
(Tex. App.—Houston [1st Dist.] 2003, no pet.); Tex. Dep’t
of Pub. Safety v. Jackson, 76 S.W.3d 103, 106 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  “When conducting a de novo review, the
reviewing tribunal exercises its own judgment and redetermines each issue of
fact and law.  In such a review, the
reviewing tribunal accords the original tribunal’s decision absolutely no
deference.”  Quick v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998) (op. on orig. submission) (internal
citations omitted); accord Tarrant Reg’l
Water Dist. v. Gragg, 43 S.W.3d 609, 615 (Tex. App.—Waco 2001), aff’d, 47 Tex. Sup. Ct. J. 707, 2004 Tex. LEXIS 590 (Tex. June 25, 2004).

      This
Court has held that “[d]espite the fact that the APA provides that appeals from
the trial court’s judgment are taken ‘in the manner provided for civil actions
generally,’ the appellate courts habitually review the agency order itself, not
the trial court’s judgment.”  Tex. Dep’t
of Pub. Safety v. Lavender, 935
S.W.2d 925, 929 n.13 (Tex. App.—Waco 1996, writ denied) (quoting Tex. Gov’t Code Ann. § 2001.901
(Vernon 2000)).  This is not a “habit”;
it is the law.

Under the substantial evidence rule the issue to
be decided and on which evidence is to be heard is the reasonableness of the [agency]’s order; this is a question of law
and an appellate court cannot render its decision based upon facts found by a
trial court because the legal test of the reasonableness
of an order of the [agency] is whether it is reasonably supported by
substantial evidence and not whether it is supported by a preponderance of the
evidence.  Furthermore, trial of fact
issues by a judge or jury is avoided; it is the [agency]’s fact finding that is
before the trial and appellate courts.

See City of San
 Antonio v. Tex. Water
Comm’n, 407 S.W.2d 752, 756 (Tex. 1966) (emphasis in orig.).  When a court of appeals reviews a county
court at law’s judgment reviewing, in turn, an administrative order, the court
of appeals “review[s] the agency record to determine whether there is
substantial evidence to support the ALJ’s decision”; the court of appeals
“review[s] the determination by the county court at law de novo.”  Friedel,
112 S.W.3d at 770; accord Pub. Util.
Comm’n v. City Pub. Serv. Bd., 109 S.W.3d 130, 135 (Tex. App.—Austin 2003, no pet.) (“ground for
reversal presents a question of law that we review de novo”); Jackson, 76 S.W.3d at 106.  The court of appeals reviews the trial
court’s judgment to determine whether it correctly reviewed the agency
order.  The court of appeals, which is in
at least as good a position to review the administrative record as is the trial
court, determines whether the agency order is supported by substantial
evidence, without deference to the trial court’s judgment.  If the court of appeals holds that the trial
court correctly held that the agency order is supported by substantial
evidence, the court of appeals affirms the trial court.  If the court of appeals holds that the trial
court incorrectly held that the agency order is not supported by substantial
evidence, the court of appeals reverses the trial court.

 II.  ANALYSIS

      The
majority holds:

      No
findings of fact or conclusions of law were requested or filed.  When written findings of fact and conclusions
of law are not requested or filed, then the decision being reviewed must be
affirmed on any legal theory finding support in the evidence.  Texas Dep’t
of Pub. Safety v. Wilmoth, 83
S.W.3d 929, 931 (Tex. App.—Amarillo 2002, no pet.).  When a decision or judgment must be upheld on
any ground supported by the record, it is the appellant’s burden to assign
error to each ground or the decision will be affirmed on the ground to which no
complaint was made.  See id.

      The
Administrative Decision recites as a finding of fact that Alford was given
warnings under section “724.000” because he was operating a non-commercial
vehicle.  No such section exists in the
Transportation Code.  As a conclusion of
law, the decision says “Based on the
foregoing, the Judge concludes the Department proved the issues set out in
Tex. Transp. Code Ann. § 524.035 or 724.042 and that Defendant’s license
is subject to a suspension for 2 years pursuant to Tex. Transp. Code Ann.
§ 724.035.”  (Emphasis added.)  Based on the written decision, the trial
court could have concluded that on the face of the record no factual basis
existed for the conclusion of law as stated. 
See id.

Slip op. at 2-3 (emphasis in orig.); see Tex.
Transp. Code Ann. §§ 524.035, 724.035 (Vernon Supp. 2004-2005), § 724.042.

      The
majority errs in suggesting that the Department should have requested findings
of fact and conclusions of law, since findings and conclusions would not have
been proper in this administrative appeal under the substantial evidence rule;
thus, the majority errs in premising its holding on the absence of findings of
fact and conclusions of law.  By the same
token, the majority does not apply the substantial evidence standard of review.  Lastly, the majority errs in not performing a
harm analysis.

II.   A.   The county court at law could not have made
findings of fact and conclusions of law.

      The
majority errs in deciding the case on a basis dependent on the Department’s not
requesting findings of fact and conclusions of law.  Under the procedural posture of this
administrative appeal, the county court at law could not properly have made
findings of fact and conclusions of law, because the court did not hear, and
could not properly have heard, evidence on the issues that the ALJ found.

      The
majority cites a recent case of the Amarillo Court of Appeals for the
proposition, “When written findings of fact and conclusions of law are not
requested or filed, then the decision being reviewed must be affirmed on any
legal theory finding support in the evidence.” 
Slip op. at 2 (citing Wilmoth, 83
S.W.3d at 931).  The majority notes that
in the instant cause, “No findings of fact or conclusions of law were requested
or filed.”  Id.; see Tex. R. Civ. P. 296-299a.

      To
the extent that Wilmoth suggests that
findings and conclusions would be helpful or appropriate in reviewing the
county court at law’s judgment on appeal from an ALJ’s decision suspending a
driver’s license, I would differ.  Cf. Wilmoth, 83 S.W.3d at 931.  In support of its holding, Wilmoth cites cases concerning
non-administrative appeals from district courts to courts of appeals.  Id. (citing In
re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984) (per curiam) (adoption); S.W. Newspapers Corp. v. Curtis, 584
S.W.2d 362, 366 (Tex. Civ. App.—Amarillo 1979, no writ) (temporary
injunction)).  In such cases, after
hearing evidence, it would be appropriate for the district court to make
findings of fact and conclusions of law, and for the court of appeals to review
the legal and factual sufficiency of the evidence supporting those
findings.  See Tex. R. Civ. P.
296.

      Texas
Rule of Civil Procedure 296 provides, “In any case tried in the district or
county court without a jury, any party may request the court to state in
writing its findings of fact and conclusions of law.”  Tex.
R. Civ. P. 296.  “The purpose of
Rule 296 is to give a party a right to findings of fact and conclusions of law
finally adjudicated after a conventional trial on the merits before the court.”  IKB
Indus. (Nig.) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 442 (Tex. 1997). 
But where the trial court does not conduct an evidentiary hearing,
findings of fact and conclusions of law are out of place.  Id. at  441-42 (summary judgment); Int’l Union, United Auto., Aerospace & Agric.
Implement Workers v. Gen. Motors Corp., 104 S.W.3d 126, 128-29 (Tex.
App.—Fort Worth 2003, no pet.) (agreed facts).

      Here,
the county court at law did not hear evidence. 
The court signed its order after only “having reviewed the record and
having heard arguments of counsel.” 
(C.R. at 55.)

      Moreover,
the county court at law could not properly have heard evidence on the issues
that the ALJ found.  In judicial review
of a contested case, in rare cases a statute provides that a Travis County district court “must try the issue de novo.”[3]  R.R. Comm’n v. WBD Oil & Gas Co., 104
S.W.3d 69, 75 (Tex. 2003); see
Tex. Gov’t Code Ann.
§ 2001.173 (Vernon 2000), § 2001.176(b)(1); e.g., Tex. Tax Code Ann.
§ 112.054 (Vernon 2002) (taxpayer suit). 
“[F]ar more often,” a reviewing court “is limited to determining whether
the agency decision was supported by substantial evidence.”  WBD at
75; see Tex. Gov’t Code Ann. § 2001.174.  Such is the case in an appeal of an
administrative license suspension to the county court at law.  See
1 Tex. Admin. Code
§ 159.37(a); Tex. Transp. Code Ann.
§§ 724.047, 524.041(a).

      “[W]hether
there is substantial evidence to support” an agency’s “decision is purely a
question of law.  Therefore, even if
requested, the trial court need not and should not file findings of fact and
conclusions of law following rendition of judgment in an administrative
appeal.”  Madisonville
Consol. Indep. Sch. Dist. v. Tex. Emp. Comm’n, 821 S.W.2d 310, 314 (Tex. App.—Corpus Christi
1991, writ denied) (internal citations omitted); accord Young Chevrolet, Inc. v. Tex. Motor Vehicle Bd., 974 S.W.2d
906, 911 n.9 (Tex. App.—Austin 1998, pet. denied); State v. Pub. Util. Comm’n, 840 S.W.2d 650, 656 (Tex. App.—Austin
1992), rev’d in part on other grounds and
aff’d in part, 883 S.W.2d 190 (Tex. 1994). 
In an administrative appeal, “there exist[s] no evidence from which the
judge could infer facts and no occasion to give any fact findings legal effect
through conclusions of law.”  McMullen, 935 S.W.2d at 192.

      Accordingly,
the Department correctly did not request findings of fact and conclusions of
law from the county court at law.

      To
the extent, however, that Wilmoth
holds that the county court at law could reverse the ALJ’s decision only on the
grounds alleged in the petition of the person whose driver’s license was
suspended, Wilmoth correctly states
the law.  See Tex. Dep’t
of Pub. Safety v. Nielsen, 102
S.W.3d 313, 316 (Tex. App.—Beaumont 2003, no pet.); Gene Hamon Ford, Inc. v. David McDavid Nissan, Inc., 997 S.W.2d
298, 304-305 (Tex. App.—Austin 1999, pet. denied); see generally Perry v. S.N., 973 S.W.2d 301, 303 (Tex. 1998)
(summary judgment); Malooly Bros., Inc.
v. Napier, 461 S.W.2d 119, 121 (Tex. 1970) (same).

      Alford’s
petition in the county court at law alleged: (1) “Petitioner was not informed
that a refusal would result in a suspension of this [sic] commercial driver’s
license”; (2) the “two (2) year enhancement is ‘ex post facto’ in nature
and therefore void”; and (3) “the [Administrative License Revocation
(“ALR”)] Court improperly found on the merits by a preponderance of the
evidence that D.P.S. successfully proved the elements of its case.”  (C.R. at 2); see 37 Tex. Admin. Code
§ 17.2 (Definitions) (defining “Administrative License Revocation”).  The Department filed an answer containing a
general denial.  (C.R. at 5.)  The Department challenged each of those
grounds in the alternative in its brief. 
(Dep’t’s Br. at 26-29; see
id. at 11-22.)  Accordingly, even
under Wilmoth, properly understood,
the Department correctly challenged all grounds on which the county court at
law might have based its order, and thus did not fail to assign error.  Cf. Wilmoth,
83 S.W.3d at 931.

II.   B.   The majority errs in failing to apply the
correct standard of review.

      The
majority errs in failing to apply the substantial evidence standard of review
or incorrectly applying the standard. 
The majority can only hold as it does if it holds that the ALJ could not
reasonably have held as he did.

      The
majority holds that, “[b]ased on the written decision, the trial court could
have concluded that on the face of the record no factual basis existed for the
conclusion of law.”  Slip op. at 3.  But the standard is not whether, after searching
the record, the trial court could have found some evidence contrary to the
ALJ’s findings.  Under the substantial
evidence rule it is immaterial that the evidence would support a negative
finding.  The standard, rather, is
whether substantial evidence in the record supports the affirmative findings.  Abundant evidence supports the finding that
the majority challenges.

      The
ALJ found that Alford “was properly asked to submit a specimen of breath.”[4]  (C.R. at
37.)  The ALJ also made the finding to
which the majority points, that Alford “was read the statutory warning
prescribed under Tex. Transp. Code Ann. § 724.000.”  (Id.)  The
majority correctly states, “No such section exists in the Transportation
Code.”  Slip op. at 3.

      First,
I see no objection to understanding the ALJ’s reference to “Tex. Transp. Code
Ann. § 724.000” to signify Transportation Code Annotated Chapter 724.    In any
case, the ALJ heard substantial evidence in support of the finding that Alford
“was properly asked to submit a specimen of breath.”  (See
C.R. at 37.)  Chapter 724 requires:

      Before
requesting a person to submit to the taking of a specimen, the officer shall
inform the person orally and in writing that:

      (1)  if the person refuses to submit to the taking
of a specimen, that refusal may be admissible in a subsequent prosecution;

      (2)  if the person refuses to submit to the taking
of the specimen, the person’s license to operate a motor vehicle will be
automatically suspended, whether or not the person is subsequently prosecuted
as a result of the arrest, for not less than 180 days;

      (3)  if the person is 21 years of age or older and
submits to the taking of a specimen designated by the officer and an analysis
of the specimen shows the person had an alcohol concentration of a level
specified by Chapter 49, Penal Code, the person’s license to operate a motor vehicle
will be automatically suspended for not less than 90 days, whether or not the
person is subsequently prosecuted as a result of the arrest;

      . . .
; and

      (6)  the person has a right to a hearing on the
suspension or denial if, not later than the 15th day after the date on which
the person receives the notice of suspension or denial or on which the person
is considered to have received the notice by mail as provided by law, the
department receives, at its headquarters in Austin, a written demand, including
a facsimile transmission, or a request in another form prescribed by the
department for a hearing.

Tex. Transp. Code Ann. § 724.015; see Tex. Penal Code Ann.
§ 49.01(2)(B).[5]

      The
ALJ received into evidence the arresting officer’s affidavit of probable cause,
which stated, “ALFORD WAS READ . . . THE DIC-24, STATUTORY
WARNING.”  (C.R. at 32); see 37 Tex.
Admin. Code § 17.4(1)(C) (Administrative License Revocation
Reports) (Form DIC-24).  The ALJ also
received into evidence the Form DIC-24, which contains the following warnings:

You are under arrest for an offense arising out
of acts alleged to have been committed while you were operating a motor vehicle
or watercraft in a public place while intoxicated or an offense under Section
106.041, Alcoholic Beverage Code.  You
will be asked to give a specimen of your breath and/or blood.  The specimen will be analyzed to determine
the alcohol concentration or the presence of a controlled substance, drug,
dangerous drug or other substance in your body

If you refuse to give the specimen, that refusal
may be admissible in a subsequent prosecution. 
Your license, permit or privilege to operate a motor vehicle will be
suspended or denied for not less than 180 days, whether or not you are
subsequently prosecuted for this offense

If you are 21 years of age or older and submit
to the taking of a specimen and an analysis of the specimen shows that you have
an alcohol concentration of 0.08 or more, your license, permit or privilege to
operate a motor vehicle will be suspended or denied for not less than 90 days,
whether or not you are subsequently prosecuted for this offense

. . . 

You may request a hearing on the suspension or
denial.  This request must be received by
the Texas Department of Public Safety at its headquarters in Austin, Texas, no
later than 15 days after you receive or are presumed to have received notice of
suspension or denial[.]  The request can
be made by written demand, fax, or other form prescribed by the Department

I certify that I have informed you both orally
and in writing of the consequences of refusing to submit to the taking of a
specimen or providing a specimen.  I have
provided you with a complete and true copy of this statutory warning

I am now requesting a specimen of your    T Breath    o Blood

(C.R. at 34 (bold face in orig.) (× in manuscript)); see Tex. Transp. Code Ann.
§ 724.015 (statutory warnings); Tex.
Alco. Bev. Code Ann. § 106.041 (Vernon Supp. 2004-2005) (driving
while under influence of alcohol by minor). 
The officer also certifies that Alford “refused to allow the taking of a
specimen and further refused to sign below as requested by this officer.”  (C.R. at 34.)

      The
ALJ made the following conclusion of law in his Administrative Decision: 

Based on the foregoing, the Judge concludes the
Department proved the issues set out in Tex. Transp. Code Ann. § 524.035
or 724.042 and that Defendant’s license is subject to a  √   suspension
or      denial for      90 days, or      One year pursuant to Tex. Transp. Code
Ann. § 524.022, or for      180 days, or  √   2
years pursuant to Tex. Transp. Code Ann. § 724.035.

(C.R. at 38 (bold face in orig.) (check marks
in manuscript)); see Tex.
Transp. Code Ann. § 524.022 (Vernon Supp. 2004-2005), §§ 524.035, 724.035,
724.042.  The ALJ therefore ordered, “The
Department is authorized to suspend or deny Defendant’s driving privileges for
the period indicated above.”  (C.R. at
39.)

      On
the basis of this evidence, there is some evidence, certainly more than a
scintilla, perhaps evidence conclusive as a matter of law, that the officer
properly warned Alford.  Accordingly, the
county court at law could only have found that the ALJ’s order was reasonable
and supported by substantial evidence. 
To find any other way, the ALJ would have erred as a matter of law.  Accordingly, the county court at law would
have erred as a matter of law in reversing the ALJ’s order on the ground on
which the majority does.

III. C.   The majority errs in failing to apply a harm
analysis.

      The
majority also errs in ignoring the requirement that Alford show prejudice.  Alford cannot show prejudice to his
substantial rights from the ALJ’s recitation of an incorrect Transportation
Code section number.

      A
court reviewing an agency decision under the substantial evidence rule may
reverse “if substantial rights of the appellant have been prejudiced because
the administrative findings” are “not reasonably supported by substantial
evidence considering the reliable and probative evidence in the record as a
whole.”  Tex. Gov’t Code Ann. § 2001.174(2) & (E).  Even when a court finds error, thus, “the
substantial evidence rule requires reversal only when a party’s substantial
rights are prejudiced.”  Gulf States Utils. Co. v.
Pub. Util. Comm’n, 947 S.W.2d
887, 891 (Tex. 1997).  That is, under the substantial evidence
standard, the “trial court may reverse only upon finding the ALJ’s decision was
erroneous and that the error
prejudiced the substantial rights of the appellant.”  Tex. Dep’t
of Pub. Safety v. Pruitt, 75
S.W.3d 634, 638 (Tex. App.—San Antonio 2002, no pet.) (quoting Tex. Dep’t
of Pub. Safety v. Nordin, 971
S.W.2d 90, 95-96 (Tex. App.—Houston [14th Dist.] 1998, no pet.)) (emphasis in Nordin); accord Tex. Dep’t
of Pub. Safety v. Jenkins, 60
S.W.3d 304, 308 (Tex. App.—Austin 2001, no pet.).

      “A ‘right’
is generally defined as a power, privilege or immunity guaranteed under a
Constitution, statutes or decisional laws or claimed as a result of long
usage.”  1 Ronald L. Beal, Texas Administrative
Practice and Procedure
§ 9.3.2, at 9-33 (June 2004).  “It
has been established that in a contested case proceeding, a party has certain
rights as provided by the United States and Texas Constitutions, the relevant
regulatory statute, the APA, and agency rules of substance or procedure.”  Id. at 9-33 through 9-34 (June 2004) (internal
footnote omitted) (citing Vandygriff v.
First Sav. & Loan Ass’n of Borger, 617 S.W.2d 669, 672 (Tex. 1981)). 
In order to establish prejudice to substantial rights in an
administrative order, a “party must establish that the error materially
affected the agency result or impacted a material issue in the order, and
therefore was reasonably calculated to cause and probably did cause the
rendition of an improper order.”  Id. § 9.3.2, at 9-34 (internal footnotes
omitted) (citing Tex. Dep’t
of Pub. Safety v. Jennings, 1 S.W.3d 348, 352 (Tex. App.—Corpus Christi
1999, no pet.); Nordin, 971 S.W.2d at
95-96)); see generally Tex. R. App. P. 44.1(a)(1).

      Mistakes
such as that found by the majority do not prejudice an appellant’s substantial rights.  For example, a juvenile petition alleging a
“nonexistent penal code section” has been held not erroneous.  In re
H.R.A., 790 S.W.2d 102, 104-105 (Tex. App.—Beaumont 1990, no writ).  Nor are similar mistakes that do not
prejudice an appellant’s substantial rights reversible.  In Texas
Department of Public Safety v. Segrest, the ALJ found that the driver
involved in a collision with the appellant identified the appellant to an
“Officer Laurence”; but the evidence showed only Officers Wismar and Boyd on
the scene.  Tex. Dep’t
of Pub. Safety v. Segrest, No.
03-02-00671-CV, 2003 Tex.
App. LEXIS 8809, at *8-*9 (Tex.
App.—Austin Oct. 16, 2003, no pet.) (mem. op.).  Calling this “discrepancy” a “clerical
error,” the Austin Court found, “The ALJ’s incorrect naming of the
investigating officer is not material, nor does it impair [the appellant]’s
substantial rights.”  Id. at *8, *11-*12. 
Similarly, in Texas Department of
Public Safety v. Kusenberger, the ALJ found that the officer requested, and
the appellee refused to provide, a specimen of her breath; while the evidence
was that the officer requested a specimen of blood.  Tex. Dep’t of
Pub. Safety v. Kusenberger, 29 S.W.3d 154, 156-57 (Tex. App.—San Antonio 2000, no pet.).  The court held: “Although the ALJ erred
administratively in memorializing her findings in writing, th[e] evidence
supports the reasonableness of the ALJ’s finding that [the appellee] refused to
submit a specimen.  Thus, the trial court
erred, because instead of determining the reasonableness of the ALJ’s finding,
the trial judge determined that the ALJ was incorrect
in her finding.”  Id. at 157; see
also Blankenbeker v. Tex. Dep’t
of Pub. Safety, 990 S.W.2d 813,
818-19 (Tex. App.—Austin 1999, pet. denied) (incorrect date not reversible).

      Accordingly,
applying the substantial evidence rule’s prejudice standard, as we must, the
majority could only find that Alford’s substantial rights were not prejudiced.

 II.  D.   We
should reach the Department’s other issues.

      The
majority correctly sustains the Department’s first issue, and thus correctly
does not reach the second issue.  See slip op. at [1]-2.  We should now reach the Department’s other
issues.  I would continue analyzing the
Department’s fourth issue, disregarding the majority’s analysis, by considering
whether the other issues found by the ALJ are supported by substantial evidence.  Then, if necessary, we should reach the
Department’s third issue.

      I will
briefly analyze the Department’s remaining issues.

II.   D.   1.   Substantial
evidence of other issues

      In the Department’s
fourth issue, it contends that the ALJ’s findings and conclusions were
supported by substantial evidence. 
Alford’s petition in the county court at law alleged, “Petitioner
complains on appeal that the ALR Court improperly found on the merits by a
preponderance of the evidence that D.P.S. successfully proved the elements of
its case.”  (C.R. at 2.)  It is likely that a thorough analysis of this
issue would sustain it. [6]

      The ALJ made
affirmative findings on each of the issues at the hearing.  See
(C.R. at 37-38); Tex. Transp. Code Ann.
§ 724.042.  The Department called
officers who testified at some length concerning their stop, investigation, and
arrest of Alford for driving while intoxicated, and the Department introduced documentary
evidence on the same matters.  See (C.R. at 10-27, 28-36.)

      Thus,
we should probably sustain this issue.  If
we sustain it, we should proceed to the Department’s third issue.

II.   D.   2.   Ex post
facto legislation

      In
Alford’s petition in the county court at law, he alleged: “The Petitioner has a
prior alcohol related contact in April 9, 2000.  At the
time of this alcohol related contact Chapter 724 of the Transportation Code did
not allow a two (2) year enhancement provision.”  (C.R. at 2); see Tex. Transp. Code Ann.
§ 724.035(b), § 524.001(3) (Vernon 2004-2005) (defining
“alcohol-related or drug-related enforcement contact”).  The Department presents the issue: “A
conviction that occurred prior to the enactment of a statute providing for
increased punishment upon a subsequent conviction may be used for enhancement
purposes under that statute without being ex post facto in application.  [T]he trial court err[ed] in impliedly
holding that the two-year suspension of Alford’s driver’s license constituted
an ex post facto punishment[.]”  (Dep’t’s
Br. at vi.) 
It is likely that a thorough analysis of this issue would sustain it.

      I
note first that “the question of the duration of the suspension of the license
is a matter resting within the discretion of the Department and can only be
disturbed upon a showing of an abuse of discretion.”  Tex. Dep’t
of Pub. Safety v. Richardson, 384 S.W.2d 128, 132 (Tex. 1964) (citing Tex. Dep’t
of Pub. Safety v. King, 366
S.W.2d 215 (Tex. 1963)).

      The
ALJ found that Alford’s driving record showed one or more alcohol-related or
drug-related enforcement contacts in the ten years preceding the date of
Alford’s arrest.  See Tex. Transp. Code Ann.
§§ 524.001(3), 724.035(b).  This
finding is supported by substantial evidence in the administrative record.  Alford’s certified driving record shows
another administrative license suspension under Transportation Code Chapter 724
in 2000, and administrative license revocations for having a per se illegal
alcohol concentration in 1990 and 1995 in Oklahoma.  (C.R.
at 35-36); see generally Okla. Stat. tit. 47, § 754(C) (LEXIS
through 2004 Supp., 2003 Sess.).

      Courts
have consistently upheld the Transportation Code’s habitual violator statute
against similar challenges.  See Tex.
Transp. Code Ann. § 521.292(a)(3), (b) (Vernon Supp. 2004-2005); e.g., Cooley v. Tex. Dep’t
of Pub. Safety, 348 S.W.2d 267,
269 (Tex. Civ. App.—Fort Worth 1961, no writ); see also Sparkman v. State, 997 S.W.2d 660, 669 (Tex.
App.—Texarkana 1999, no pet.) (use of suspension under prior law to prove
driving while license suspended under current law not ex post facto).

      Thus,
we should probably sustain this issue.  If
we sustain it, having sustained all of the Department’s issues, we should
reverse.

II.   E.   We should clarify the status of this case.

      Lastly,
we should note the current status of this case. 
The county court at law having reversed the ALJ’s order, and the
majority having affirmed the county court at law’s order, the case remains in SOAH.  A court reviewing an agency’s decision under
the substantial evidence rule “shall reverse or remand the case for further
proceedings if substantial rights of the appellant have been prejudiced.”  Tex.
Gov’t Code Ann. § 2001.174(2). 
“[T]he guiding principle . . . is that the function of the
reviewing court ends when an error of law is laid bare.”  Employees’
Ret. Sys. v. McKillip, 956 S.W.2d 795, 802 (Tex. App.—Austin 1997, no pet.) (quoting Fed. Power Comm’n v. Idaho Power Co., 344 U.S. 17, 20 (1952)) (bracketed alteration in McKillip), disapproved of in part on other grounds, Tex.
Natural Res. Conserv. Comm’n v. Sierra Club, 70 S.W.3d 809, 814 (Tex. 2002). 
“[T]he trial court c[an] only . . . affirm[] the ALJ’s
decision, or reverse[] and remand[] it if the trial court determine[s] that the
ALJ’s decision [i]s” erroneous on the grounds of APA Section 174’s “specific
statutory considerations.”  Tex. Dep’t of Transp. v. Jones Bros. Dirt
& Paving Contractors, Inc., 92 S.W.3d 477, 485 (Tex. 2002); see
Tex. Gov’t Code Ann.
§ 2001.174.  A trial court reversing
an agency order “c[an]not grant relief.” 
Helton v. R.R. Comm’n, 126
S.W.3d 111, 115 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); accord Tex. Dep’t of Transp. v. T. Brown
Constructors, Inc., 947 S.W.2d 655, 660 (Tex. App.—Austin 1997, writ
denied) (holding district court “without authority to render a judgment that
usurped the agency’s authority and discretion”); Tex. State Bd. of Pharmacy v. Seely, 764 S.W.2d 806, 815 (Tex.
App.—Austin 1988, writ denied) (holding district court could not hold agency’s
order “null and void,” and remanding to district court with orders to remand to
agency); but see Tex. Dep’t of Pub.
Safety v. Story, 115 S.W.3d 588, 593 (Tex. App.—Waco 2003, no pet.) (dicta) (suggesting
“reverse or remand” in Tex. Gov’t Code
Ann. § 2001.174(2) means “reviewing court may . . .
reverse the ALJ’s decision and render judgment in favor of the party seeking
review”).  “This is a direct restriction
on the special statutory jurisdiction delegated to the court in the APA—the
court is not free generally to render the kind
of relief it believes the agency should have awarded based on the agency
record.”  Sierra Club v. Tex.
Natural Res. Conserv. Comm’n, 26
S.W.3d 684, 688 (Tex. App.—Austin 2000) (emphasis in orig.) (reversing district
court’s dismissal), aff’d, 70 S.W.3d
809 (Tex. 2002). 
Rather, the court “shall reverse and remand the cause to the
agency.”  Hinkley v. Tex. State Bd. of
Med. Exam’rs, 140 S.W.3d 737,
743 (Tex. App.—Austin 2004, pet. filed) (citing Tex. Gov’t Code Ann. § 2001.174­(2)­(E));
Hammack, 131 S.W.3d at 715.  Accordingly, the county court at law’s order
remanded the case to SOAH.

      On
remand, moreover, the ALJ may re-open the evidence.  “A decision whether to reopen the evidence on
judicial remand is within agency discretion . . . .”  Allen-Burch,
Inc. v. Tex. Alco. Bev.
Comm’n, 104 S.W.3d 345, 349-50
(Tex. App.—Dallas 2003, no pet.); accord
Pretzer v. Motor Vehicle Bd., 125 S.W.3d 23, 41 (Tex. App.—Austin 2003), rev’d in part on other grounds and aff’d in
part, 138 S.W.3d 908 (Tex.
2004) (per curiam).  “Factors to consider
in a motion to reopen are: whether the evidence in support of the motion to
reopen is ‘material, relevant, and decisive,’ whether reception of such
evidence will cause any undue delay, and whether refusal to reopen will do an
injustice.”  Pretzer at 41 (quoting Word
of Faith World Outreach Ctr. Church, Inc. v. Oechsner, 669 S.W.2d 364, 367
(Tex. App.—Dallas 1984, no writ)).

III. CONCLUSION

      For
these reasons, I respectfully dissent.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed November
 10, 2004








 











[1]  APA Section 901, too, provides, “A party may
appeal a final district court judgment under this chapter in the manner
provided for civil actions generally.”  Tex. Gov’t Code Ann. § 2001.901(a)
(Vernon 2000).  We have held that “section
2001.901 does not apply to chapter 524 driver’s license suspensions.”  Tex.
Dep’t of Pub. Safety v. Whitefield, 59 S.W.3d 294, 296 (Tex. App.—Waco
2001, no pet.); accord Tex. Dep’t of Pub. Safety v. Story, 65
S.W.3d 675, 678 (Tex. App.—Waco 1999), vacated,
51 S.W.3d 296 (Tex.
2001).  I understand this to mean that
Section 2001.901 does not bar appeals of Chapter 524 proceedings from the
county courts at law to the courts of appeals. 
See Tex. Dep’t of Pub. Safety v. Barlow, 48
S.W.3d 174 (Tex. 2001); Tex. Dep’t of Pub. Safety v. Story, 115
S.W.3d 588 (Tex. App.—Waco 2003,
no pet.).

        I understand it to mean, also, that appeals from
administrative appeals to the county court at law are “in the manner provided
for civil actions generally,” with exceptions as necessary.  See Tex. Gov’t Code Ann.
§ 2001.901(a).  Again, Chapter 524 provides
that the APA “applies to a proceeding under” Chapter 524 “to the extent
consistent with” Chapter 524.  Tex. Transp. Code Ann.
§ 524.002(b).  Unlike the general
rule of administrative appeals to Travis County district court, however,
Chapter 524 specifically provides for appeal from an ALJ’s sustaining of a
driver’s license suspension to the “county court at law in the county in which
the person was arrested or, if there is not a county court at law in the
county, in the county court.”  Id.
§ 524.041(b) (Vernon 1999); cf. Tex.
Gov’t Code Ann. § 2001.176(b)(1) (Vernon 2000).  Likewise, notwithstanding the general rule
that a motion for rehearing in the agency is a prerequisite for judicial
review, in an appeal of a driver’s license suspension to a county court at law,
the ALJ’s order is “immediately appealable without the requirement of a motion
for rehearing.”  Tex. Transp. Code Ann. § 524.041(a) (Vernon
1999); see Tex. Gov’t Code Ann. § 2001.145(a) (Vernon 2000).





[2]  The only exception to that rule is that “the
court may receive evidence of procedural irregularities alleged to have
occurred before the agency that are not reflected in the record.”  Tex.
Gov’t Code Ann. § 2001.175(e); see
Tex. Water Comm’n v. Dellana, 849 S.W.2d
808, 810 (Tex. 1993).





[3]  In such cases, the filing of findings of fact
and conclusions of law by the district court would be proper and helpful.  See 1
Ronald L. Beal, Texas Administrative Practice and Procedure
§ 9.2.1 (1999); see also Tex. Gov’t Code Ann.
§§ 2001.173(a), 2001.901 (Vernon 2000).





[4]  I would assume without deciding, as the
majority necessarily tacitly assumes, that “refuse” means “refuse after proper
warning.”  Cf. slip op. at [1]-2.  The
Department’s brief, too, apparently so assumes. 
(See Dep’t’s Br.
at 21-22.)  Due process does not require
warnings.  South Dakota v. Neville, 459 U.S.
553, 565-66 (1983); but see  Tex.
Dep’t of Pub. Safety v. Thomas, 985 S.W.2d 567, 569 & n.2 (Tex.
App.—Waco 1998, no pet.); but see also Tex. Dep’t of Pub. Safety v. Struve, 79
S.W.3d 796, 800 (Tex. App.—Corpus Christi 2002, pet. denied) (“The warnings
provide the suspect with actual, direct, and statutory consequences if the
suspect refuses to provide a specimen. 
This ensures the suspect’s refusal is voluntary.” (internal citation
omitted)).





[5]  Alford having been born in 1964, the warning
for persons younger than twenty-one years of age is inapplicable.  See
(C.R. at 35); Tex. Transp. Code Ann.
§ 724.015(4).  Likewise
inapplicable, since Alford had a driver’s license, is the warning for persons
without a driver’s license.  See (C.R. at 35); Tex. Transp. Code Ann.
§ 724.015(5).





[6]  Alford’s argument in this connection is
limited, after quoting Transportation Code Section 522.081, which concerns
disqualification from driving a commercial motor vehicle, to the following:
“The Legislative changes cited in 724.043 do not mandate suspension
because Alford did not receive a proper request for the taking of a specimen
and Alford did not make a voluntary refusal due to the improper request of the
officer.  Therefore the Trial Court did
not err in reversing the improper suspension of Alford’s license.”  (Alford’s Br.
at 17-18 (underlining in orig.)); see
Tex. Transp. Code Ann.
§ 522.081 (Vernon Supp.
2004-2005), § 724.043.  Alford thus
utterly fails to carry the burden of challenging the substantial evidence in
support of the ALJ’s conclusions.  Cf. City
of El Paso, 883 S.W.2d at 185.