**L. Alvis VANDYGRIFF, Savings and Loan Commissioner of Texas et al., Petitioners,**

v.

**FIRST SAVINGS AND LOAN ASSOCIATION OF BORGER, Respondent.**

**No. B-9920.**

Supreme Court of Texas.

June 10, 1981.

Rehearing Denied July 15, 1981.

**670**

Mark White, Atty. Gen., Yolanda Martin, Asst. Atty. Gen., Larry Temple, Austin, for petitioners.

Heath, Davis & McCalla, Dudley D. McCalla, Austin, for respondent.

DENTON, Justice.

This is an appeal from an order of the Savings and Loan Commissioner of Texas granting a charter to Citizens Security Savings and Loan Association. The trial court upheld the order. The court of civil appeals reversed the judgment of the trial court and rendered judgment setting aside the order as void. 605 S.W.2d 740. We reverse the judgment of the court of civil appeals and remand the cause to that court for further consideration.

Early in 1978, the organizers of Citizens Security Savings and Loan Association, primarily residents of Borger, Texas, filed a charter application with the Savings and Loan Commission of Texas for a new savings and loan association to be located in Borger. The application was heard in June, and the Commissioner entered an order in

August denying the charter. Thereafter, on August 17, the Commissioner overruled the applicants' motion for rehearing.

During the first week in September, five of the unsuccessful applicants came to Austin and, in the absence of counsel, met with the Commissioner "to find out what [they] had done wrong." They discussed economic conditions in Borger which indicated there was a public need for a new savings and loan association. After the meeting, counsel was contacted by the unsuccessful charter applicants. He recommended that no new application be filed until 1979 when complete economic data for 1978 would be available.

On September 15, 1978, North Plains Savings and Loan Association of Dumas, Texas, filed an application with the Commission to establish a branch office in Borger. This action precipitated filing of a second application by the organizers of Citizens Security Savings and Loan on October 31. The new charter application and branch application were consolidated and a single hearing was held on January 31 and February 1, 1979. At the outset, the organizers of Citizens Security Savings and Loan testified about the meeting with the Commissioner and were cross-examined. On March 28, the Commissioner entered an order granting a charter to Citizens Security Savings and Loan and entered another order denying the North Plains Savings and Loan branch application.

■ The court of civil appeals held the meeting between the organizers of Citizens Security Savings and Loan and the Commissioner was an unlawful *ex parte* communication. We disagree. Section 17 of the Administrative Procedure and Texas Register Act, Article 6252–13a [1], provides in pertinent part:

> Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned

to render a decision or to make findings of fact and conclusions of law in a contested case may not communicate, directly or indirectly, in connection with any issue of fact or law with any agency, person, party or their representatives, except on notice and opportunity for all parties to participate.

Section 17 prohibits *ex parte* communications during pendency of a contested case.[2] There is no contested case until an application for a savings and loan association charter is filed. *See* Texas Savings and Loan Act, Article 852a, section 2.01. When the unsuccessful charter applicants met with the Commissioner in September, 1978, a final order had been entered in Citizens' first application and the motion for rehearing had been overruled. Neither the branch application nor Citizens' second application had been filed. The opinion of the court of civil appeals correctly states "that at the time of the meeting the organizers had no formal contested case pending before the Commission." 605 S.W.2d at 742.

Most of the capital funds on deposit from the first application were used for the second application. Similar stock subscription forms were used in both applications. Several of the organizers were the same. On cross-examination, one of the organizers testified that he considered the two applications one ongoing application. Because of these similarities and the short time that elapsed between denial of the first application and filing the second, the court of civil appeals concluded the organizers acted contrary to section 17. While these similarities exist, the applications were not the same. There are different organizers and stockholders and the location was different. This was stated in the Commissioner's order granting Citizens' charter. The organizers and stockholders not participating in the second application withdrew their money from the capital account. The new participants deposited new funds. The organizers

---

1. All statutory references are to Texas Revised Civil Statutes Annotated.

2. Section 3(2) of Article 6252–13a defines "contested case" as "a proceeding, including but not restricted to ratemaking and licensing, in which the legal rights, duties, or privileges of a party are to be determined after an opportunity for an adjudicative hearing."

paid a new and additional filing fee and new notices were given as required by statute and regulation. Article 852a, section 2.07. The hearing examiner refused to admit the record from the first application because it had no bearing on the record in the subsequent new application. The facts establish that no application was pending before the Savings and Loan Commission when the meeting between the Commissioner and the organizers occurred. There was no contested case at the time. We hold the meeting was not an *ex parte* communication prohibited by section 17 of Article 6252–13a.

The court of civil appeals' opinion presumes that substantial harm resulted from the meeting. The court concludes the discussions with the Commissioner precipitated the order granting the charter. Judicial review of orders of the Savings and Loan Commissioner is governed by section 11.12 of the Savings and Loan Act, Article 852a, and section 19 of the Administrative Procedure and Texas Register Act, Article 6252–13a.[3] Appeals are subject to review under the substantial evidence rule. Article 852a, section 11.12(5)(b); Article 6252–13a, section 19(d)(3); *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex.1967). Under substantial evidence review, the Commissioner's order may be overturned only upon showing that "substantial rights of the appellant have been prejudiced."[4] Article 6252–13a, section 19(e); *see United Sav. Ass'n v. Vandygriff*, 594 S.W.2d 163, 171–72 (Tex.Civ. App.—Austin 1980, writ ref'd n. r. e.). Denial of due process is one ground for finding substantial prejudice. *See Starr County v. Starr Indus. Serv., Inc.*, 584 S.W.2d 352, 355 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.); *Lewis v. Guaranty Fed. Sav. and Loan Ass'n*, 483 S.W.2d 837, 841 (Tex.Civ.App.— Austin 1972, writ ref'd n. r. e.).

The court of civil appeals relies upon *Lewis v. Guaranty Federal Savings and Loan Association, supra,* in presuming harm occurred because of the meeting. In *Guaranty Federal* the Savings and Loan Commissioner and his deputy made an *ex parte* investigation four months after a charter application hearing to confirm or deny what was in the record. No written memorandum or findings developed by the investigation were placed in the official record. No notice was given of the investigation. Guaranty Federal learned of it eight months later while preparing for trial. The trial court set aside the order granting the charter as void. The court of civil appeals affirmed holding "due process is denied if the Commissioner considers, without notice and opportunity to be heard, evidentiary matters not introduced or not made a part of the record of hearing as otherwise permitted." *Guaranty Federal, supra* at 841. The *ex parte* investigation occurred during pendency of a contested case and the appellants were clearly denied notice and opportunity to cross-examine and present rebuttal evidence. The present case is distinguishable from *Guaranty Federal.* There was no contested case pending when the meeting occurred. The content of the meeting was voluntarily disclosed at the outset of the hearing and First Savings and Loan had the opportunity to cross-examine and present evidence to the contrary. The Commissioner's order granting the Citizens Security Savings and Loan charter discloses the meeting and states that his order is based solely upon the record before the Savings and Loan Commission.

---

**3.** Section 19(a) of Article 6252–13a provides the judicial review provisions of the Act are "cumulative of other means of redress provided by statute."

**4.** Substantial prejudice may be found if the order is:
    1) in violation of constitutional or statutory provisions,
    2) in excess of the statutory authority of the agency,

    3) made upon unlawful procedure,
    4) affected by other error of law,
    5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole,
    6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Article 6252–13a § 19(e).

The Commissioner's order is presumed to be a valid exercise of his power and discretion. *Lewis v. Southmore Sav. Ass'n,* 480 S.W.2d 180, 183 (Tex.1972). *See, e. g., Imperial Am. Resources Fund, Inc. v. Railroad Comm'n,* 557 S.W.2d 280, 288 (Tex. 1977); *City of San Antonio v. Texas Water Comm'n,* 407 S.W.2d 752, 758 (Tex.1966); *McCall v. Presley,* 512 S.W.2d 693, 695 (Tex. Civ.App.—Beaumont 1974, writ ref'd n. r. e.). The court presumes the Commissioner performed his duties in compliance with the law, and the appellants have the burden to show he did not. *Citizens of Texas Sav. and Loan Ass'n v. Lewis,* 483 S.W.2d 359, 366 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.). *See Railroad Comm'n v. Entex, Inc.,* 599 S.W.2d 292, 298 (Tex.1980). We hold that the court of civil appeals erred in presuming harm resulted from the meeting and setting aside the order granting a charter to Citizens Security and Loan Association.

The petitioners raised other points of error complaining that the court of civil appeals failed to hold the order was properly rendered and supported by substantial evidence, that the commission did not abuse its discretion, that it did not consider non-statutory factors in granting the charter, that the order was not conditioned upon securing deposit insurance, that the record in the first hearing was properly excluded, and that other testimony was properly admitted. We remand these points of error to the court of civil appeals for consideration.

The judgment of the court of civil appeals is reversed and the cause is remanded to that court.