

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

July 24, 1992

Mr. John Hall
Chairman
Texas Water Commission
P. O. Box 13087, Capitol Station
Austin, Texas 78711-3087

Opinion No. DM-144

Re: Whether a Water Commission hearings examiner in a contested case about issuance of a hazardous waste permit may communicate *ex parte* with other employees of the commission (RQ-97)

Dear Mr. Hall:

You request an opinion on provisions concerning *ex parte* communications in contested cases under Senate Bill 1099 of the 72d Legislature. Acts 1991, 72d Leg., ch. 296, *amending* Health & Safety Code, ch. 361. The bill deals with the management of hazardous waste, establishing new requirements for permits for hazardous waste processing, storage, and disposal facilities, and allowing greater citizen participation in the permitting process. Senate Comm. on Natural Resources, Bill Analysis, C.S.S.B. 1099, 72d Leg. (1991). It amended provisions of the Health and Safety Code that govern the Water Commission's issuance of permits to process, store, or dispose of hazardous waste. *Id.*; Health & Safety Code § 361.082(a). The restrictions on *ex parte*[1] communications that you inquire about are as follows:

> (a) Unless required for the disposition of ex parte matters authorized by law, a hearings examiner of the commission may not communicate, directly or indirectly, with *any employee of the*

---

[1] *"Ex parte"* has been defined to mean "[o]n one side only; by or for one party; done for, [or] in behalf of . . . one party only." BLACK'S LAW DICTIONARY 576 (6th ed. 1990). A restriction on ex parte communications in the context of contested cases is found in section 17 of the Texas Administrative Procedure and Texas Register Act., V.T.C.S. art. 6252-13b. The primary purpose of section 17 "is to preclude 'litigious facts' coming before the decision-maker without becoming part of the record in a contested case." *County of Galveston v. Texas Dep't of Health*, 724 S.W.2d 115 (Tex. App.--Austin 1987, writ ref'd n.r.e.).

> *commission*, any commissioner, or any party to a hearing conducted by the commission *in connection with any issue of fact or law* pertaining to a contested case in which the commission or party is involved.
>
> (b) An employee of the commission, a commissioner, or a party to a hearing conducted by the commission may not attempt to influence the finding of facts or the application of law or rules by a hearings examiner of the commission except by proper evidence, pleadings, and legal argument with notice and opportunity for all parties to participate.
>
> (c) If a prohibited contact is made, the hearings examiner shall notify all parties with a summary of that contact and notice of their opportunity to participate and shall give all parties an opportunity to respond.

Health & Safety Code § 361.0831 (emphasis added).

Your questions relate to *ex parte* communications in connection with contested case proceedings to which Senate Bill 1099 applies. Contested case proceedings before the Texas Water Commission are subject to the Texas Administrative Procedure and Texas Register Act (APTRA), V.T.C.S. art. 6252-13a. *See Hooks v. Texas Dep't of Water Resources*, 611 S.W.2d 417 (Tex. 1981) (harmonizing provisions of APTRA and Water Code on judicial review of waste discharge permit). Section 17 of APTRA governs *ex parte* communications in contested cases. However, in case of conflict between a general provision and a special provision dealing with the same subject, the general law is controlled or limited by the special law, since a specific statute more clearly evidences the intent of the legislature than a general one. *San Antonio & A.P.RY. Co. v. State*, 95 S.W.2d 680 (Tex. 1936). *See also* Gov't Code § 311.026(b). Thus, if section 361.0831 of the Health and Safety Code is inconsistent with section 17 of APTRA, section 361.0831, as a special provision for contested cases involving the issuance of permits to process, store, or dispose of hazardous waste, will control *ex parte* communications in such cases to extent of the inconsistency.

Your first question is as follows:

> May a Hearings Examiner communicate *ex parte* with employees of the agency who have not participated in any hearing in the

case for the purpose of utilizing the special skills or knowledge of the agency and its staff in evaluating the evidence?

Section 361.0831(a) of the Health and Safety Code is explicit on this point: unless the communication is required to dispose of *ex parte* matters authorized by law, a hearings examiner may not communicate *ex parte* with "any employee of the commission . . . in connection with any issue of fact or law pertaining to a contested case" in which the commission is involved. *See Matrix, Inc. v. Provident Am. Ins. Co.*, 658 S.W.2d 665 (Tex. App.--Dallas 1983, no writ); *Railroad Comm'n of Texas v. Texas & New Orleans R. Co.*, 42 S.W.2d 1091 (Tex. Civ. App.--Austin 1931, writ ref'd) (if statutory language clearly reveals legislative intent, there is no need for construction). Section 361.0831(b) prohibits commission employees from attempting to influence a hearings examiner's ruling in a contested case, "except by proper evidence, pleadings, and legal argument with notice and opportunity for all parties to participate." Thus, in section 361.0831, the legislature twice expresses its intent that hearing examiners be insulated from off-the-record communications with other employees in contested cases involving permits for hazardous waste management facilities.

Section 17 of APTRA, in contrast to section 361.0831 of the Health and Safety Code, permits the kind of communications about which you inquire. Although section 17 of APTRA prohibits a hearings examiner in a contested case from communicating *ex parte* with any agency, person, party, or their representative on any issue of fact or law, it provides the following exception:

> pursuant to the authority provided in Subsection (q) of Section 14, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in a contested case may communicate *ex parte* with employees of the agency who have not participated in any hearing in the case for the purpose of utilizing the special skills or knowledge of the agency and its staff in evaluating the evidence.[2]

V.T.C.S. art. 6252-13a, § 17. Section 14(q) provides that the "special skills or knowledge of the agency and its staff may be utilized in evaluating the evidence."

___

[2] Section 17 of article 6252-13a, V.T.C.S., like section 361.082 of the Health and Safety Code, makes an exception for communications required "for the disposition of ex parte matters authorized by law."

The adoption of section 361.0831 without the exception quoted above demonstrates the legislature's intent to prohibit a hearings examiner in a contested case under Senate Bill 1099 from communicating *ex parte* with employees of the agency who have not participated in any hearing to use their special skills and knowledge in evaluating the evidence. In answer to your first question, a hearings examiner may not communicate *ex parte* with an employee of the agency, in connection with any issue of fact or law pertaining to a contested case under S.B. 1099 in which the commission is involved even though that employee has not participated in any hearing in the case.[3]

Your second question is as follows:

> May a Hearings Examiner communicate *ex parte* with supervising attorneys within the Office of Hearings Examiners (OHE) in connection with issues of fact or law pertaining to the contested case?

Sections 5.311 through 5.314 of the Water Code apply to the office of hearing examiners to be created by the Water Commission to assist it in carrying out its powers and duties. This office is required to be independent of the executive director and under the commission's exclusive control. The chief hearing examiner, who directs the office of hearing examiners, and all assistant hearing examiners "shall be attorneys licensed to practice law in this state and shall be *employed* by the commission." Water Code § 5.312 (emphasis added). Supervising attorneys within the office of hearings examiners are employees of the commission. *See generally Aldine Indep. School Dist. v. Standley*, 280 S.W.2d 578 (Tex. 1955) (public officer distinguished from an employee by his independence from supervision in exercising sovereign function of the government). As employees of the commission, the attorneys in the office of hearings examiners are subject to the prohibition on *ex parte* communications found in section 361.0831 of the Health and Safety Code.

---

[3]You raise certain practical difficulties that would arise from our reading of section 361.0831. For example, you indicate that some of your hearings examiners are inexperienced, and that it is important that supervising attorneys who do not participate in a case be allowed to discuss it with the examiner to whom it has been assigned. However, it is within the legislature's authority to choose to protect the hearings examiner's independence even if that decision results in preventing the agency from providing a particular kind of on-the-job training to the examiner.

You suggest that the structure of the office of hearing examiners, with the office placed under the direction of the chief hearing examiner, seems to recognize the need for *ex parte* communications between the supervisory attorneys and the hearings examiners. However, sections 5.311 through 5.314 of the Water Code are silent as to *ex parte* communications. The application of section 361.0831 of the Health and Safety Code in contested cases under Senate Bill 1099 does not cause any conflict with the Water Code provisions. *See also* Gov't Code § 311.025 (where statutes are irreconcilable, latest in date of enactment prevails). Accordingly, a hearings examiner in a contested case under Senate Bill 1099 may not communicate with a supervising attorney in the office of hearing examiners in connection with any issue of fact or law pertaining to the case.

Your third question is as follows:

> May Commissioners or the General Counsel communicate *ex parte* with supervising attorneys within the OHE regarding the state of the record in a contested case following issuance of a proposal for decision?

You state that the commissioners and general counsel usually are not present during evidentiary hearings conducted by hearings examiners; thus, private discussions between individual commissioners or the general counsel and supervisory attorneys help provide the commission with answers to specific questions about the evidentiary record. However, depending on the nature of prior communications between the supervisory attorney and the hearings examiner, you raise the possibility that the supervisory attorney's communications with the commissioners and general counsel could be considered indirect *ex parte* communications between the hearings examiner and the commissioners and general counsel. Section 361.0831 of the Health and Safety Code prohibits indirect as well as direct *ex parte* communications between the hearings examiner and any commissioner or employee of the agency.

As we have stated in answer to questions one and two, section 361.0831(a) of the Health and Safety Code prohibits the hearings examiner from communicating *ex parte* with the supervisory attorney in connection with any issue of fact or law pertaining to a contested case. If these direct *ex parte* communications do not occur, then the supervisory attorney cannot pass on the hearings examiner's remarks to the general counsel or commissioners.

If the sequence of communications you describe does occur, that is, if the supervisory attorney repeats his *ex parte* communications with the hearings examiner to the general counsel or a commissioner, we believe that there would be indirect *ex parte* communications between the hearings examiner and the general counsel or commissioner. *See Galveston v. Texas Dep't of Health*, 724 S.W.2d 115, 122 (describing indirect communications from employees through general counsel to commissioner). The commissioners and the general counsel may not engage in indirect *ex parte* communications with the hearings examiner through the supervising attorneys within the office of hearing examiners.

Your fourth question is as follows:

> If the Commission overturns an Examiner's finding of fact or conclusion of law or rejects a proposal for decision on an ultimate finding, may the General Counsel of the Commission communicate *ex parte* with the Examiner or a supervisory attorney within the OHE regarding the preparation of the explanation of the reasoning and grounds for such Commission action?

Section 361.0832 of the Health and Safety Code requires the hearings examiner to "make findings of fact, conclusions of law, and any ultimate findings required by statute." He or she is to make a proposal for decision to the commission and the commission is to consider and act on the proposal for decision. Section 361.0832(f) states the following requirement:

> The commission shall issue written rulings, orders, or decisions in all contested cases and shall fully explain in a ruling, order, or decision the reasoning and grounds for overturning each finding of fact or conclusion of law or for rejecting any proposal for decision on an ultimate finding.

Health & Safety Code § 361.0832(f).

You inform us that when the commission decides to reject the examiner's proposed findings and conclusions, the commissioners generally discuss in open meeting their reasons for disagreeing with the examiner. The commission then instructs the general counsel to work with the examiner to draft a final order in accordance with the commission's directions. The question arises whether

discussions between the office of the general counsel and the office of hearings examiners about the drafting of the final order would violate the *ex parte* rule.

Section 17 of APTRA prohibits *ex parte* communications during pendency of a contested case. *Vandygriff v. First Sav. & Loan Ass'n of Borger*, 617 S.W.2d 669 (Tex. 1981). Section 361.0831 of the Health and Safety Code restricts *ex parte* communications in connection with issues of fact or law "pertaining to a contested case in which the commission ... is involved." Health & Safety Code § 361.083(a). Thus, the limitation in section 361.0831 on *ex parte* communications also applies during the pendency of a contested case. A contested case is defined by APTRA as "a proceeding ... in which the legal rights, duties, or privileges of a party are to be determined by an agency after an opportunity for adjudicative hearing." V.T.C.S. art. 6252-13a, § 3(2). The commission is involved in a contested case until it makes its final decision. *See Vandygriff*, 617 S.W.2d at 671-72 (section 17 of APTRA does not apply after the final order in the contested case). Even though the hearings examiner has issued his proposal for decision and presented it to the commission, the contested case is still pending, and *ex parte* communications are still restricted by section 361.0831 of the Health and Safety Code. Accordingly, the general counsel may neither communicate *ex parte* with the examiner about preparing an explanation of the commission's action in overturning a finding of fact or conclusion of law or rejecting any proposal for decision on an ultimate finding, nor may he communicate with the supervisory attorney in a way that would constitute indirect *ex parte* communication with the hearings examiner.

## S U M M A R Y

Section 361.0831 of the Health and Safety Code prohibits a hearings examiner in a contested case involving a hazardous waste permit from communicating *ex parte* with any employee of the commission. This provision does not permit *ex parte* communications between hearings examiners and employees of the agency who have not participated in any hearing of the case for the purpose of utilizing their special skills or knowledge, or communications of hearings examiners with supervising attorneys within the Office of Hearings Examiners. Section 361.0831 also prohibits direct and indirect communications between the hearings examiner and the commissioners or the general counsel. If the supervising attorney engages in *ex parte* communications with the hearings examiner in violation of

section 361.0831 and then relays those communications to a commissioner or the general counsel, indirect *ex parte* communications between the hearings examiner and the commissioner or general counsel will occur. The restriction on *ex parte* communications applies during the pendency of the contested case. Accordingly, if the commission overturns an examiner's finding of fact or conclusion of law or rejects a proposal for decision on an ultimate finding, the general counsel of the commission may not communicate *ex parte* with the examiner about preparing an explanation of the reasons for the commission's actions.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General