JACK CARTER, Justice,
concurring.
I agree completely with the majority opinion’s holding that an amicus attorney may not engage in ex parte communications with the trial judge. By doing so, both the attorney and the judge violate their respective Rules of Conduct and the judge commits error.
The more difficult question is whether the communication, in this case, creates reversible error. There is authority that an ex parte communication itself is not per se harmful, but proof must be provided that the opposing party’s substantial rights have been prejudiced. Hammack v. Pub. Util. Comm’n of Tex., 131 S.W.3d 713, 730 (Tex.App.-Austin 2004, pet. denied) (citing Vandygriff v. First Sav. & Loan, Etc. 617 S.W.2d 669, 673 (Tex.1981)). Most of these have been administrative cases, somewhat different from traditional trials.
The majority opinion concludes that the concept of structural error appears to be restricted to criminal application. By footnote, it is mentioned that structural error applies to juvenile matters (which are civil cases appealed to the Texas Supreme Court). My reading of In re D.I.B., 988 S.W.2d 753, 758 (Tex.1999), is that in the proper civil case, structural error is recognized by the Texas Supreme Court. The court in D.I.B. quoted the Texas Court of Criminal Appeals’ discussion of structural error — that some kinds of errors will never be harmless. Id. at 759. The Texas Supreme Court found the rationale applicable in civil cases and conducted a harm analysis finding the error in that case did not defy analysis and that there was sufficient data to analyze. Id. But the opinion further notes that it was not called upon to decide, and did not decide, if the error was a “structural defect[ ] in the constitution of the trial mechanism, which def[ies] analysis by ‘harmless-error’ standards.” Id.
My concern is whether this is the kind of error that defies analysis and for which there is insufficient data to analyze its harmful nature. In this case, a record was created at the motion for new trial hearing which we can review. Accepting the testimony of the attorney together with the statements of the trial judge, the majority concludes that no harm resulted from the private conversation. According to the attorney’s testimony, he only conveyed to the judge information that he was prepared to give in open court. The judge states she decided the case based on the evidence heard at trial. I have no reason to question this testimony, but I have concerns. By definition, the opposing party is not aware of the information given in secret to the judge. That prevents the party from countering such information with evidence. When one party is unaware of the evidence or information used by a judge to decide a dispute and is unable to challenge it, our adversary system breaks down.
I, too, believe the trial judge and attorney acted in good faith and perhaps even with some authority provided by misguided statements in some appellate opinions (i.e., that the trial judge is the amicus attorney’s client). I will accede to the harm analysis-with reservations. The ex parte communication is error; even if no particular harm may be identified in this case, the unidentified harm may be to our legal system and the respect given to our courts by the public.
I concur in the judgment of the court.