ACCEPTED
15-24-00132-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/19/2025 3:50 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00132-CV

## IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/19/2025 4:31:28 PM
CHRISTOPHER A. PRINE
Clerk

AIRW 2017-7, L.P.; 600 WESTINGHOUSE INVESTMENTS, LLC; 800 WESTINGHOUSE INVESTMENTS, LLC; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; AND JONAH WATER SPECIAL UTILITY DISTRICT, *Appellants*

v.

CITY OF GEORGETOWN, TEXAS, *Appellee*.

On Appeal from the 261st District Court, Travis County, Texas
Trial Court Cause No. D1-GN-23-001004

## REPLY BRIEF OF APPELLANT
## JONAH WATER SPECIAL UTILITY DISTRICT

John J. Carlton
State Bar No. 03817600

Kelli A. N. Carlton
State Bar No. 15091175

Erin R. Selvera
State Bar No. 24043385

THE CARLTON LAW FIRM, P.L.L.C.
4301 Westbank Drive, Suite B-130
Austin, Texas 78746
john@carltonlawaustin.com
kelli@carltonlawaustin.com
erin@carltonlawaustin.com
Telephone: (512) 614-0901
Facsimile: (512) 900-2855
ATTORNEYS FOR JONAH WATER
SPECIAL UTILITY DISTRICT

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................... ii

GLOSSARY OF ACRONYMS AND TECHNICAL TERMS ............................... vi

SUMMARY OF THE ARGUMENT .........................................................................1

ARGUMENT ............................................................................................................3

I.   The District Court erred in reversing and remanding the matter to the agency..3

   A.   The District Court failed to consider the evidence in the record as whole. ....4

   B.   The District Court also failed to apply the proper legal standard when considering the City's arguments. ...................................................................4

      1.   The City fails to identify a substantial right that has been prejudiced.........5

      2.   The City has failed to establish how it was harmed by the Commission's decision to issue the permit to AIRW..............................................................7

II. The City's misinterpretation of the requirements for permit issuance is not a basis for reversible error....................................................................................9

   A.   Diminution of Property Value is a valid cost factor....................................10

   B.   AIRW's actions constitute denial of service. ..............................................11

   C.   The State's Regionalization Policy does not create a mandatory duty for TCEQ to deny the permit to AIRW..................................................................13

   D.   The State's Regionalization Policy does not equate to a legal right for the City to serve the AIRW development. ................................................................14

   E.   Lack of Consent from Jonah is a bar to the City becoming the service provider for the AIRW development.................................................................15

      1.   Consent is an independent legal requirement under Texas Water Code § 13.244(c). ..................................................................................................16

      2.   It is irrelevant whether Jonah has a wastewater CCN or facilities available to serve the AIRW development. ....................................................17

3.  The location of the AIRW development imposes additional requirements that include seeking Jonah's consent if the City desires to be the service provider.........................................................18

CONCLUSION AND PRAYER...........................................................19

CERTIFICATE OF COMPLIANCE ....................................................21

CERTIFICATE OF SERVICE .............................................................22

# INDEX OF AUTHORITIES

## Cases

*Bizios v. Town of Lakewood Vill.*, 453 S.W.3d 598 (Tex. App.—Fort Worth 2014), *aff'd*, 493 S.W.3d 527 (Tex. 2016)...................................................................8

*Cf. Nobles v. Employees Ret. Sys. of Tex.,* 53 S.W.3d 483, 489 (Tex. App.—Austin 2001, no pet.)..........................................................................................7

*Dyer v. Tex. Comm'n on Env't Quality*, 646 S.W.3d 498, 514 (Tex. 2022)..........2, 4

*Nueces Canyon Consolidated I.S.D. v. Central Education Agency*, 917 S. W. 2d 773, 777 (Tex. 1996).....................................................................................6

*Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 185 S.W.3d. 555, 576 (Tex. App.—Austin 2006, pet. denied).......................................................................5

*Pub. Util. Com. v. Gulf States Utils. Co.*, 809 S.W.2d 201 (Tex. 1991)...................4

*Save Our Springs All., Inc. v. Texas Comm'n on Env't Quality*, 713 S.W.3d 308, 320 (Tex. 2025), *reh'g denied* (June 20, 2025) (quoting Tex. Gov't Code § 2001.174).....................................................................................................13

*Tex. Health Facilities Com. v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446 (Tex. 1984)....................................................................................................5

*Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984)...............................................................................................4

*Vandygriff v. First Sav. & Loan Asso.*, 617 S.W.2d 669, 672 (Tex. 1981)................6

## Statutes

Tex. Gov't Code § 2001.174(1) and (2)(A)-(F)...............................................5

Tex. Gov't Code § 2001.174(2)(E) ...............................................................4

Tex. Gov't Code § 2001.174(2). ....................................................................7

Tex. Loc. Gov't Code § 51.072......................................................................6

Tex. Loc. Gov't Code Ann. § 212.003............................................................8

Tex. Loc. Gov't Code Ann. § 42.021..............................................................8

Tex. Water Code § 13.042...........................................................................18

Tex. Water Code § 13.244(c). ........................................................... 7, 16, 18

Tex. Water Code § 26.003...........................................................................14

Tex. Water Code § 26.0282.........................................................................13

Tex. Water Code §§13.242(c) and 13.243. ....................................................18

Tex. Water Code § 13.244(c) ................................................................17

Tex. Water Code § 13.244(c). ........................................................ 14, 17

Tex. Water Code § 26.081 ....................................................................14

Tex. Water Code §§ 26.003 and 26.0282. ...........................................16

**Other Authorities**

Black's Law Dictionary 1324 (6th Ed. 1990). ........................................6

## GLOSSARY OF ACRONYMS AND TECHNICAL TERMS

| Term | Meaning |
|---|---|
| AIRW | Intervenor AIR-W 2017-7, L.P., Applicant and Intervenor Defendant-Appellant |
| APA | Administrative Procedure Act, Tex. Govt. Code §§ 2001.001-.903 |
| Application | AIR-W 2017-7, L.P.'s application for a new TPDES permit filed with the TCEQ on April 6, 2020 |
| AR | Administrative Record contained within the SCR |
| CCN | Certificate of Convenience and Necessity |
| City | City of Georgetown, Plaintiff-Appellee |
| Commission | Appellant Texas Commission on Environmental Quality (TCEQ) |
| ETJ | Extraterritorial Jurisdiction |
| Final Order | Final Order issued by TCEQ on November 28, 2022 |
| FOF | Finding of Fact |
| Jonah | Jonah Water Special Utility District, Intervenor Defendant-Appellant |
| Order | TCEQ's final order, issued November 28, 2022 |
| Permit | TPDES Permit Number WQ0015878001 |
| Regionalization Policy | The combination of Tex. Water Code §§ 26.003, 26.081, and 26.0282, as well as Texas' Regionalization Guidance – Information posted on TCEQ website at https://www.tceq.texas.gov/permitting/wastewater/tceq-regionalization-for-wastewater |
| SOAH | State Office of Administrative Hearings |

| TAC | Texas Administrative Code |
|-----|---------------------------|
| TCEQ | Texas Commission on Environmental Quality ("Commission") Defendant-Appellant |
| TPDES | Texas Polluant Discharge Elimination System |
| TWC | Texas Water Code |

## SUMMARY OF THE ARGUMENT

Georgetown provides no colorable argument or basis to find that the Commission committed reversible error. The City's skewed arguments merely signal its displeasure with the Commission's Order and the City's deep desire to be the wastewater service provider for Appellant, AIRW's development. Georgetown's brief focuses on two issues that are not dispositive regarding compliance or consistency with Texas' Regionalization Policy.

The District Court considered the City's plethora of arguments challenging TCEQ's decision to issue the permit to AIRW, and disposed of all issues but two:

> 1. Defendant erred by determining that the Permit complies with Texas's regionalization policy.
> 2. Because Intervenor AIRW failed to seek a waiver from Plaintiff's city council, there is no way to know whether the city council would be willing to waive the annexation requirement. It is unreasonable to assume that City staff—who are bound by the city council—speak for the city council, which is not bound and has both the power to waive requirements and the ability to act under political considerations. This means that Defendant should not have determined both that (1) Plaintiff denied Intervenor AIRW service; and (2) connection to Plaintiff's system would cost Intervenor AIRW $20 million.

Now, the City urges this court to re-weigh evidence regarding these two points and the other alleged errors in the City's original appeal. When you strip away the issues disposed of by the District Court, the City's arguments are reduced to just two aspects of the TCEQ's regionalization analysis: denial of service and cost. It is

1

undisputed that TCEQ has broad discretion regarding consideration of Texas' Regionalization Policy – the City admits as much in its brief. Georgetown's Br. at 15, 26, 29. The City's arguments regarding cost and denial of service are flawed. Additionally, the City failed to identify a substantial right prejudiced by the Commission's Order and failed to establish any harm that it will suffer if the Commission's order is affirmed as required by *Dyer*. *Dyer v. Tex. Comm'n on Env't Quality*, 646 S.W.3d 498, 514 (Tex. 2022).  The existence of City infrastructure with capacity to provide wastewater service does not equate to a legal right to serve, nor a mandatory duty for TCEQ to deny the permit to AIRW. Because the City has no statutory or constitutional right to provide wastewater service to the AIRW development, the City has failed to show that its substantial rights have been prejudiced. The City has shown no concrete, particularized actual or imminent injury to its substantial rights to support the District Court's ruling.

Furthermore, the City's myopic focus on the cost and denial of service aspects of regionalization are a mere distraction. Even if the City's regionalization arguments were substantiated, the City would remain in the very same position: without any authority to provide wastewater service to the AIRW development. Regardless of whether TCEQ committed reversible error, an act the City has failed to prove, the Court cannot grant the true relief the City seeks (to be the service

provider) for one definitive reason: Appellant, Jonah Water Special Utility District has not granted consent for the City to provide wastewater service within Jonah's District boundaries. None of the City's substantial rights have been prejudiced, and without a showing of harm that the Court can address, the District Court had no basis to reverse and remand the matter to the Commission. This court must reverse the District Court's judgment and affirm the underlying Order granting the permit.

## ARGUMENT

### I. The District Court erred in reversing and remanding the matter to the agency.

The District Court issued its Final Judgment reversing and remanding TCEQ's Order for further proceedings, asserting the following reasons:

1. Defendant erred by determining that the Permit complies with Texas' regionalization policy.
2. Because Intervenor AIRW failed to seek a waiver from Plaintiff's city council, there is no way to know whether the city council would be willing to waive the annexation requirement. It is unreasonable to assume that City staff – who are bound by the city council-speak for the city council, which is not bound and has both the power to waive requirements and the ability to act under political considerations. This means that Defendant should not have determined both that (1) Plaintiff's denied Intervenor AIRW service; and (2) connection to Plaintiff's system would cost Intervenor AIRW $20 million. Final Judgment.

3

**A. The District Court failed to consider the evidence in the record as whole.**

Under the substantial evidence standard, the Appellate Court's inquiry is whether the Commission's decision is reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole. Tex. Gov't Code § 2001.174(2)(E); *Pub. Util. Com. v. Gulf States Utils. Co.*, 809 S.W.2d 201 (Tex. 1991). The "evidence in the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence." *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984). Instead of considering the evidence in the record as a whole, giving due consideration to the fact that the evidence may preponderate against the TCEQ, the District Court focused on two factors of Texas' regionalization policy that are not independently dispositive: denial of service and cost. Consequently, as a matter of law, the District Court's decision is fatally flawed and must be reversed.

**B. The District Court also failed to apply the proper legal standard when considering the City's arguments.**

To reverse and remand the matter to the agency, the District Court must first have found that the City's substantial rights were prejudiced. *Dyer v. Tex. Comm'n on Env't Quality*, 646 S.W.3d 498, 514 (Tex. 2022). ("Not only must the agency's challenged findings, inferences, conclusions or decisions be faulty as a matter of law; they must also prejudice the substantial rights of the appellant." (internal

4

quotation marks omitted). The City did not establish at the District Court, nor in its appellate brief to this Court, that its substantial rights were prejudiced and the Court's ruling was silent regarding this requirement. Further, although the City describes the errors that it asserts the TCEQ committed, the City failed to establish how it was harmed by the Commission's decision. Procedural irregularities "do not warrant reversal absent a showing of harm." *Office of Pub. Util. Counsel v. Pub. Util. Comm'n*, 185 S.W.3d. 555, 576 (Tex. App.—Austin 2006, pet. denied).

### 1. The City fails to identify a substantial right that has been prejudiced.

The Administrative Procedures Act ("APA") §§ 2001.174 (2)(A)-(F) describes the six ways in which an agency can prejudice a substantial right, and the City correctly cites these six factors. Tex. Gov't Code § 2001.174(1) and (2)(A)-(F); Georgetown's Br. at 4. The City's brief also discusses what it perceives as errors committed by the TCEQ, but does not identify the harm it suffered, nor what substantial right it has that was prejudiced by the Commission's action. Georgetown's Br. at 7-21, 25-40. Mere assertion and proof that error occurred is insufficient for reversal of the agency order. The party must establish that such error was not only harmful, but in fact, prejudiced one's substantial rights. *Tex. Health Facilities Com. v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446 (Tex. 1984); *Nueces*

5

*Canyon Consolidated I.S.D. v. Central Education Agency*, 917 S. W. 2d 773, 777 (Tex. 1996); *Vandygriff v. First Sav. & Loan Asso.*, 617 S.W.2d 669, 672 (Tex. 1981).

Substantial rights are not defined in the APA. A "right" is generally defined as a power, privilege, or immunity guaranteed under the Constitution, statutes, decisions, laws, or are claimed as a result of long usage. Black's Law Dictionary 1324 (6th Ed. 1990). The City, a home rule municipality, has authority of local self-government. Tex. Loc. Gov't Code § 51.072. However, the City has no statutory or constitutional right to force AIRW to annex into the City, to force AIRW to take wastewater service from the City, or to provide service outside its corporate boundaries and outside its certificated service area to the AIRW development. After a full hearing on the merits by the State Office of Administrative Hearings, the Commission found that, "No part of the Facility or development is within the City's corporate limits." and "The proposed Facility and its discharge are within the City's extraterritorial jurisdiction.". 1 AR 66 at 10 FOF 34 and 35. The Commission also found that, "There is no regional provider designated for the area where the Facility is proposed to be located." and "The proposed Facility and its discharge are not within the sewer CCN of any retail public utility." 1 AR 66 at 10 FOF 49 and 50.

Unlike Jonah, which has a statutory right to protect its district boundaries and to grant or deny consent to entities seeking to serve within the District, the City has

no such right. Tex. Water Code § 13.244(c). The City has not been conferred a right, power, privilege, or immunity related to wastewater service or permitting for the AIRW development under the Constitution, state statutes, commission rules, or court decisions. Lacking a substantial right, the City has failed to demonstrate how *its* substantial rights were prejudiced. Without prejudice to a substantial right, the District Court erred by reversing and remanding the matter. Consequently, this Court must reverse the District Court's decision and affirm the TCEQ's issuance of the permit to AIRW.

### 2. The City has failed to establish how it was harmed by the Commission's decision to issue the permit to AIRW.

The City's brief is completely devoid of any discussion of harm or injury that the City has sustained that would warrant remand and reversal. *Cf. Nobles v. Employees Ret. Sys. of Tex.,* 53 S.W.3d 483, 489 (Tex. App.—Austin 2001, no pet.). ("An appellate court reviews an agency decision for reversible error; harmless error does not merit reversal. A showing of injury to the claimant is necessary before reversal is the appropriate remedy." Tex. Gov't Code § 2001.174(2).

The record confirms that AIRW's proposed wastewater treatment plant will not be located within the City limits where the City enjoys broad authority. 1 AR 66 at 10 FOF 34. Instead, the wastewater plant will be located in the City's ETJ,

partially within Jonah's District boundaries and wholly within Jonah's water CCN area. 1 AR 66 at 10-11 FOF 35, 51. An extraterritorial jurisdiction (ETJ) is an unincorporated area that is contiguous to the corporate boundaries of a municipality and is located within a specified distance of those boundaries depending upon the municipality's population. Tex. Loc. Gov't Code Ann. § 42.021. In the ETJ, the City has very limited authority to regulate. A municipality's power normally ends at the city limit and does not automatically include the municipality's ETJ; rather, a city may only extend its authority to the ETJ if authorized by the state. *Bizios v. Town of Lakewood Vill.*, 453 S.W.3d 598 (Tex. App.—Fort Worth 2014), *aff'd*, 493 S.W.3d 527 (Tex. 2016). The limited authority granted by state law does not include authority to regulate water service or water quality beyond its boundaries. See Tex. Loc. Gov't Code Ann. § 212.003 that sets limits on a municipality's authority. This leaves any potential harm to the City from the Commission's issuance of the permit to AIRW too attenuated.

Even if the Commission were to address each of the City's points of error on remand (the City's denial of service, costs to the developer, the alleged application deficiencies, and water quality concerns), the City would be in the same position as it is today – without authority to provide service to the AIRW development and having suffered no harm or prejudice to its substantial rights. Because the City has

8

suffered no harm, injury, or prejudice to any substantial rights, the District Court's decision was in error. This Court should reverse and affirm the Commission's issuance of the permit to AIRW.

## II. The City's misinterpretation of the requirements for permit issuance is not a basis for reversible error.

The first five sections of the City's appellate argument (A-E) focus on different aspects of Texas' Regionalization Policy and how the Commission applied the policy to AIRW's application. The City misinterprets the policy in two key ways. First, the City would have the court believe that Texas' Regionalization Policy creates a mandatory duty for the agency to deny a permit in certain circumstances. Second, the City' perceives the Policy to create a right for the City to serve the area if it meets certain criteria. Neither of these premises are correct. Additionally, under Texas' Regionalization Policy and its associated guidance, diminution of property values is a valid cost factor. Finally, AIRW's actions were sufficient to constitute denial of service.

The remaining arguments under Sections F-K either skirt a key jurisdictional issue or ask the court to re-weigh evidence. Section F merely skims the concept of consent. In Sections G-K, the City asks the Court to re-weigh evidence regarding the Commission's water quality, antidegradation, nuisance odors, human health, and

application completeness determination. These are all issues the District Court disposed of in its final order. Jonah concurs with the TCEQ's brief and reply brief addressing the City's arguments regarding water quality, antidegradation, nuisance odors, human health, completeness of the application, and incorporates those arguments by reference. This reply brief addresses the two issues not disposed of by the District Court and the relevant overarching jurisdictional issue.

## A. Diminution of Property Value is a valid cost factor.

Unhappy with the Commission's decision, the City argues that the Commission's exercise of its legislatively granted discretion was unreasonable or abused. The City takes the position that it was unreasonable for the Commission to consider diminution of value as justification for issuance of the permit instead of denial. Georgetown Br. at 12. The City also acknowledges "the *statute* does not limit the Commission's discretion to consider the cost impacts of the City's annexation requirements and development regulations," but posits that guidance and broader statutory requirement do. Georgetown Br. at 29. The City is wrong. TCEQ guidance specifically requires the applicant to analyze feasibility of regionalization and allows exceptions upon the:

- ratio of the costs of regionalization compared to the projected value of the development at buildout;
- affordability of the rates; and

- financial, managerial, and technical capabilities of the existing system.

2 AR 99-AIRW-EX.29 at AIRW000402. Permit applicants qualify for this exception, even if they meet only one of these factors. Id. AIRW's calculation of the diminished value of the property at full buildout is a specific factor in the exception analysis, and thus, is a proper cost factor. The Commission's guidance reflects the agency's broad discretion to consider cost and other relevant factors, a point the City repeatedly concedes, but then disputes. Georgetown Br. at 10, 26, 29. Here, the guidance is clear: projected value of the development is a cost factor. 2 AR 99-AIRW-EX.29 at AIRW000402. Therefore, the Commission's findings that, "Because of the higher property tax rate inside the City than outside it in the unincorporated area and the City's condition of annexation to connect to its system, connecting carries with it an approximately $20 million cost due to diminution of property value" and "Costs weigh in favor of granting AIRW's application" are consistent with Texas' Regionalization Policy, the Commission's rules, and its guidance. 1 AR 66 at 11 FOF 46.

## B. AIRW's actions constitute denial of service.

Georgetown and the District Court's overly restrictive view of the Commission's authority is incongruent with the Legislature's grant of broad discretion regarding implementation of Texas' Regionalization Policy. Neither the

11

Policy, codified in the Water Code, nor the Commission's guidance require formal denial from a nearby system before a wastewater permit may be issued that is consistent with regionalization. The Regionalization Policy is silent regarding what constitutes denial of service from a nearby system. The Commission's guidance requires only that the applicant either request service from the nearby system **or** demonstrate that regionalization is not feasible through one of the available exceptions. 2 AR 99 at 21. If the nearby system rejected the request, the Commission's guidance requires the applicant submit copies of the application and all correspondence from the existing system. 2 AR 99 at 21. AIRW followed this process by submitting multiple emails and its staff's unambiguous responses. For example, AIRW provides a copy of the City Plan Review Comments that state unequivocally, "UDC Sec 13.05 – The City may only provide ww services to property in the city limits. Please update or submit a request for voluntary annexation." 2 AR 104. AIRW also provides numerous emails between the City staff, including the Assistant City Manager, and AIRW's team, wherein the City makes it clear that annexation is absolutely required for wastewater service from the City. 2 AR 100, 101, 102, and 103. The Assistant City Manager's February 10, 2020, email exemplifies the City's firm position, stating:

> I understand that you prefer to <u>not</u> connect to the City's public wastewater system. Both in our meeting and in Sofia's e-mail communication with you, we have been clear that should you desire or

need to connect to the City's wastewater system you would have annex [submit a petition for voluntary annexation per City's UDC]; Sofia provided you with the pertinent UDC provisions that speak to this. Also, Sofia confirmed that we do not support a delayed annexation approach. Because you do not want to annex, you can develop in the ETJ with a private water treatment facility. Id.

Texas' Regionalization Policy does not require a developer to agree to an annexation to get service from a nearby system, nor does it require a developer to receive a formal denial of service. Based on the Commission's guidance and the totality of the correspondence, the Commission properly and reasonably exercised its discretion, finding "[t]he City denied AIRW's request for service unless AIRW agreed to annexation and land use restrictions." 1 AR 66 at 11 FOF 42. "Under the APA, a court reviewing an agency's decision in a contested case 'may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion.'" *Save Our Springs All., Inc. v. Texas Comm'n on Env't Quality*, 713 S.W.3d 308, 320 (Tex. 2025), *reh'g denied* (June 20, 2025) (quoting Tex. Gov't Code § 2001.174).

### C. The State's Regionalization Policy does not create a mandatory duty for TCEQ to deny the permit to AIRW.

Texas Water Code § 26.0282 gives TCEQ the authority to deny or alter the terms and conditions of a proposed permit. Tex. Water Code § 26.0282. This authority is permissive, not mandatory. The statute does not *require* TCEQ to deny

13

or alter the permit, nor does it require applicants to use a regional system when an exception applies, like in this case. Texas' Regionalization Policy is to encourage and promote regionalization. Tex. Water Code § 26.003. The City admits that "[t]he Legislature vests TCEQ with broad discretion in determining whether to issue a discharge permit, regarding who must apply for such a permit and what a permit application looks like." Georgetown Br at 15. The permissive language of the Regionalization Policy and the TCEQ's broad discretion in its application, coupled with the exceptions included in agency guidance, remove any potential that the TCEQ should have denied the permit to AIRW.

### D. The State's Regionalization Policy does not equate to a legal right for the City to serve the AIRW development.

The City argues that its system was available and criticizes AIRW's position regarding this availability. Georgetown Br at 14. Physical availability does not equate to legal availability or the legal authority to serve. Absent Jonah's Consent, the City's system is not available because the City is not legally able to provide wastewater service to the AIRW development under TWC § 13.244(c).

TWC § 26.081 requires TCEQ to implement a policy to "encourage and promote" the development of regional area wide waste collection. The State's Regionalization Policy does not <u>require</u> TCEQ to force entities to always use a regional system. The discussion above demonstrates how exceptions would relieve

14

an applicant from use of a regional system. 2 AR 99-AIRW-EX.29 at AIRW000402.

Although the City would prefer that the statute be interpreted to mean that the TCEQ

must deny the permit to AIRW if TCEQ found *any* reason why the City could provide

service, this is not what the policy requires. The Commission is charged with

analyzing more than just the physical availability of service. Availability of service

includes whether the City has the authority to provide service in accordance with

other applicable statutes. In this case, the Commission found that, "The proposed

Facility and its discharge are partially within Jonah's district boundaries and wholly

within Jonah's water CCN area" and "The City did not request Jonah's consent to

provide wastewater service to the Facility, and Jonah has not given consent for the

City to operate within its boundaries." 1 AR 66 at 11 FOF 51 and 52.

### E. Lack of Consent from Jonah is a bar to the City becoming the service provider for the AIRW development.

The City is displeased with the result of the Commission's exercise of its

broad discretion in application of the state's regionalization policy, state law, and

commission rules. The sobering fact is that this means the City will not be the

wastewater provider for the AIRW development. Even if the Commission had found

that the City had not denied service, had improperly chosen to ignore the costs

associated with diminution of property value, and had required the City to address

certain aspects of the application differently, the Commission could still have issued

15

the permit to AIRW and would have been barred from authorizing the City to provide service to the AIRW development. This is due to the City's failure to overcome an indispensable legal requirement for it to become the wastewater service provider: consent from Jonah.

### 1. Consent is an independent legal requirement under Texas Water Code § 13.244(c).

The City buries within its forty-plus page brief, a less than one page and nearly nonexistent argument regarding consent. The City simply did not seek or receive Jonah's consent to provide wastewater service within Jonah's District boundaries. The City tries to skirt the issue by arguing that consent is not a procedural requirement under the Regionalization analysis. Georgetown's Br. at 29-30. The City is correct that consent is not part of the analysis under TWC §§ 26.003 and 26.0282. However, it is a condition precedent to providing service within Jonah's district boundaries. Texas Water Code Section 13.244(c) requires:

> Each applicant for a certificate or for an amendment shall file with the utility commission evidence required by the utility commission to show that the applicant has received the required consent, franchise, or permit of the proper municipality or other public authority. Tex. Water Code § 13.244(c).

The City has not sought a CCN to serve the AIRW development and did not seek Jonah's consent to provide service in this area. 1 AR 66 at 11 FOF 52.

## 2. It is irrelevant whether Jonah has a wastewater CCN or facilities available to serve the AIRW development.

The City is so focused on its regionalization argument that it loses sight of the broader statutory limitations that affect service to the AIRW development. The City attempts to brush aside the issue of consent, arguing that Jonah does not provide wastewater services and does not have a wastewater CCN. Georgetown's Br. at 29-30. It matters not whether Jonah has a wastewater CCN, nor whether Jonah has facilities available to provide wastewater services. The only relevant inquiry is whether Jonah has granted consent to allow the City to provide wastewater services within its District boundaries pursuant to TWC § 13.244(c). As explained in Jonah's Brief, both the statute and Commission rules require the City to secure Jonah's consent to provide service within Jonah's District boundaries. Br at 32. TWC § 13.244(c) confers on Jonah the authority and discretion to control who provides water and wastewater service within the District's boundaries by granting or denying consent to any prospective service provider. This includes the City. The requirement for consent is not dependent on whether Jonah has a CCN or provides wastewater services. Without Jonah's consent, the benefit the City seeks, becoming the wastewater service provider, is unattainable. For this reason, reversal and remand would serve no purpose.

### 3. The location of the AIRW development imposes additional requirements that include seeking Jonah's consent if the City desires to be the service provider.

The City falsely claims that the location of the Development does not affect the City's ability to serve the AIRW development with wastewater services. Georgetown's Br. at 29-30. Nothing could be further from the truth. As explained above, the City's authority is limited within the ETJ. If the AIRW development were within the City's corporate limits, the City could unquestionably provide service without seeking a CCN. Municipalities have exclusive original jurisdiction to provide water and wastewater service within their corporate boundaries without a CCN. Tex. Water Code § 13.042. However, except in limited circumstances, a municipality cannot provide retail water or wastewater services outside of its corporate boundaries without a CCN. Tex. Water Code §§13.242(c) and 13.243. The record reflects that this property is not within Georgetown's corporate limits, but is within Jonah's District boundaries. 1 AR 66 at 10-11 FOF 34, 51. Thus, to provide service, the City must be granted a CCN. To get the CCN, Texas Water Code Section 13.244(c) requires "that the applicant has received the required consent, franchise, or permit of the proper municipality or other public authority." Tex. Water Code § 13.244(c). Jonah is the "other public authority" from which the City must receive consent. The City does not address its failure to secure this consent. Lacking consent,

the City is not legally able to serve the AIRW development and service is not available from the City.

## CONCLUSION AND PRAYER

Evidence in the record demonstrates that the Commission acted reasonably and within its authority and discretion in granting AIRW the TPDES Permit. Substantial evidence demonstrates that the Permit complies with all applicable statutory and regulatory requirements and with Texas' Regionalization Policy. None of the City's substantial rights were violated, and thus, the District Court erred in reversing the Commission's order. For these reasons, Jonah respectfully prays that the Court reverse the District Court's judgment and render judgment affirming the Commission's Order in all respects. Jonah further prays the Court grant Jonah all further relief to which it may be entitled.

Respectfully submitted,

Erin R. Selvera

John J. Carlton
State Bar No. 03817600
john@carltonlawaustin.com

Kelli A. N. Carlton
State Bar No. 15091175
kelli@carltonlawaustin.com

Erin R. Selvera
State Bar No. 24043385
erin@carltonlawaustin.com

THE CARLTON LAW FIRM, P.L.L.C.
4301 Westbank Drive, Suite B-130
Austin, Texas 78746
Telephone: (512) 614-0901
Facsimile: (512) 900-2855
ATTORNEYS FOR JONAH WATER
SPECIAL UTILITY DISTRICT

**CERTIFICATE OF COMPLIANCE**

I certify that the Brief of Appellant, Jonah Water Special Utility District contains 4,415 words and therefore complies with the word limit found in Tex. R. App. P. 9.4(i)(2)(B).

_____
Erin R. Selvera

**CERTIFICATE OF SERVICE**

I certify that the Brief of Appellant, Jonah Water Special Utility District was electronically filed with the Clerk of the Court using the electronic case filing system of the Court, and that a true and correct copy was served upon counsel for each party of record, listed below, by electronic service or email on September 19, 2025.

**Defendant-Appellant**
**Texas Commission on Environmental Quality:**
Evan Greene
Assistant Solicitor General
Evan.Greene@oag.texas.gov
Sara J. Ferris
Assistant Attorney General
Sara.Ferris@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
Telephone: (512) 463-2012
Fax: (512) 320-0911

**Plaintiff-Appellee**
**City of Georgetown, Texas:**
William A. Faulk, III
cfaulk@spencerfane.com
Carlota Hopinks-Baul
chbaul@spencerfane.com
Maris M. Chambers
mchambers@spencerfane.com
SPENCER FANE, LLP
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: 512-840-4550
Fax: 512-840-4551

Patricia Erlinger Carls
tcarls@tcarlslaw.com
LAW OFFICES OF PATRICIA ERLINGER CARLS

3100 Glenview Ave.
Austin, Texas 78703-1443

**Intervenor Defendants-Appellants:**
**AIRW 2017-7, L.P.; 600 Westinghouse Investments, LLC; and 800**
**Westinghouse Investments, LLC**
Andrew Davis
Andrew@lkcfirm.com
William T. Thompson
will@lkcfirm.com
Todd Disher
todd@lkcfirm.com
Michael C. Cotton
michael@lkcfirm.com
LEHOTSKY KELLER COHN, LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
Telephone: 512-693-8350

Helen S. Gilbert
hgilbert@bartonbensonjones.com
BARTON BENSON JONES, PLLC
7000 North MoPac Expressway, Suite 200
Austin, Texas 78731

Edmond McCarthy
Ed@ermlawfirm.com
MCCARTHY & MCCARTHY, LLP
122 Colorado St. Suite 2399
Austin, TX 78701

_____
Erin R. Selvera

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katy Hennings on behalf of John Joseph Carlton
Bar No. 3817600
katy@carltonlawaustin.com
Envelope ID: 105857011
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument
Status as of 9/19/2025 4:37 PM CST

Associated Case Party: City of Georgetown

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patricia Carls | 3813425 | tcarls@tcarlslaw.com | 9/19/2025 4:31:28 PM | SENT |
| Carlota Hopinks-Baul | 24094039 | chbaul@spencerfane.com | 9/19/2025 4:31:28 PM | SENT |
| Skye Masson | | Skye.Masson@georgetowntexas.gov | 9/19/2025 4:31:28 PM | SENT |
| Kelsey Parker | | kparker@spencerfane.com | 9/19/2025 4:31:28 PM | SENT |
| Maris Chambers | | MChambers@spencerfane.com | 9/19/2025 4:31:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Thompson | 24088531 | will@lkcfirm.com | 9/19/2025 4:31:28 PM | SENT |
| Edmond McCarthy | 13367200 | ed@ermlawfirm.com | 9/19/2025 4:31:28 PM | SENT |
| William Faulk | 24075674 | cfaulk@spencerfane.com | 9/19/2025 4:31:28 PM | SENT |
| John Carlton | 3817600 | john@carltonlawaustin.com | 9/19/2025 4:31:28 PM | SENT |
| Michael Parsons | 24079109 | michael@carltonlawaustin.com | 9/19/2025 4:31:28 PM | SENT |
| Helen Gilbert | 786263 | hgilbert@bartonbensonjones.com | 9/19/2025 4:31:28 PM | SENT |
| Colton Halter | | colton.halter@oag.texas.gov | 9/19/2025 4:31:28 PM | SENT |
| Todd Disher | | todd@lkcfirm.com | 9/19/2025 4:31:28 PM | SENT |
| Kelli Carlton | | kelli@carltonlawfirm.com | 9/19/2025 4:31:28 PM | ERROR |
| Erin Selvera | | erin@carltonlawfirm.com | 9/19/2025 4:31:28 PM | ERROR |

Associated Case Party: Texas Commission on Environmental Quality

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Katy Hennings on behalf of John Joseph Carlton
Bar No. 3817600
katy@carltonlawaustin.com
Envelope ID: 105857011
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument
Status as of 9/19/2025 4:37 PM CST

Associated Case Party: Texas Commission on Environmental Quality

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kellie E.Billings-Ray | | Kellie.Billings-Ray@oag.texas.gov | 9/19/2025 4:31:28 PM | SENT |
| Erin  K.Snody | | Erin.Snody@oag.texas.gov | 9/19/2025 4:31:28 PM | ERROR |
| Sara Ferris | | sara.ferris@oag.texas.gov | 9/19/2025 4:31:28 PM | SENT |
| Jennifer Jamison | | jennifer.jamison@tceq.texas.gov | 9/19/2025 4:31:28 PM | ERROR |
| Bobby Salehi | | bobby.salehi@tceq.texas.gov | 9/19/2025 4:31:28 PM | ERROR |
| Evan Greene | | evan.greene@oag.texas.gov | 9/19/2025 4:31:28 PM | SENT |

Associated Case Party: AIRW 2017-7, LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrew Davis | | andrew@lkcfirm.com | 9/19/2025 4:31:28 PM | SENT |

Associated Case Party: AIRW 2017-7, L.P.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Yahaira De Lara | | ydelara@bartonbensonjones.com | 9/19/2025 4:31:28 PM | SENT |
| Michael Cotton | | michael@lkcfirm.com | 9/19/2025 4:31:28 PM | ERROR |

Associated Case Party: Jonah Water Special Utility District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Carlton | | john@carltonlawfirm.com | 9/19/2025 4:31:28 PM | ERROR |